PER CURIAM.
Appended to this order is an amendment to the Rules of Civil Procedure relating to the administration of the trial courts. Also appended are clarifying amendments requested by trial judges. As an emergency, these amendments are hereby adopted effective immediately, as an aid in the orderly transition of the trial courts under Florida Constitution, Rev. Article V.
All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court.
Adopted and approved by the Court on this 29th day of November, A.D.1972.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.
FLORIDA RULES OF CIVIL PROCEDURE
RULE 1.020. COURT ADMINISTRATION
(a) Purpose of Rule. The purpose of this rule is to fix administrative responsibility in the chief judge of the circuit court, and the other judges that he may designate, and to secure the speedy and efficient administration of the court’s business including prompt disposition of cases, assignment of judges and other court officers, control of dockets, regulation of the use of courtrooms, and mandatory periodic review of the status of inmates of the county jail. When these rules refer to the court, they shall be construed to apply to a judge of it when the context requires or permits.
(b) Chief Judge.
(1) Eligibility. The chief judge shall be a circuit judge who possesses administrative ability.
(2) Administrative supervision. The chief judge shall exercise administrative supervision over all courts within the judicial circuit in the exercise of. judicial powers and over the judges and officers of the courts, and shall be responsible to the chief justice of the supreme court. This rule shall not apply *360 to district courts of appeal, municipal courts and administrative courts or bodies exercising quasi-judicial powers.
(3) Powers and Duties.
(i) The chief judge shall be the chief legal officer of the circuit and shall maintain a liaison function in all judicial administrative matters with the chief justice of the supreme court. He shall develop an administrative plan for the efficient and proper administration of all courts within his circuit, which plan shall be submitted to the office of the chief justice. Such plan shall include an administrative organization capable of effecting the prompt disposition of cases, assignment of judges and other court officers, including executive assistants, control of dockets, regulation and use of courtrooms, and mandatory periodic review of the status of the inmates of the county jail. Such plan should be compatible with the development of the capabilities of the judges in such a manner that each judge would be qualified to serve in any division, thereby creating a judicial pool from which judges may be assigned to various courts throughout the State. Such administrative plan shall include a consideration of the statistical data developed by the uniform case reporting system required by Chapter 72-406, Laws of Florida. Questions concerning the administration or management of the courts of the circuit shall be directed to the office of the chief justice of the supreme court through the State courts administrator.
(ii) The chief judge shall assign judges to the trial of cases, to preliminary hearings, and to other appropriate proceedings, for the courts and divisions for which he is responsible, and shall determine the length of each assignment. All judges shall inform the chief judge of any contemplated absences that will affect the progress of the court’s business. If a judge is temporarily absent, is disqualified in an action, or is unable to perform his duties, the chief judge or his designee may either assign an action pending before the judge to any other judge or any additional assigned judge of the same court. Also, the chief judge may assign any judge to temporary service for which the judge is qualified in any court in the same circuit. If it appears to the chief judge that the speedy, efficient and proper administration of justice so requires, he shall without delay request the chief justice of the supreme court to temporarily assign an additional judge or judges from outside the circuit to duty in the court requiring assistance. The assigned judges shall be subject to administrative supervision of the chief judge for all purposes of this rule. Provided, however, that nothing herein shall be construed to restrict the constitutional powers of the chief justice of the supreme court of Florida to make such assignments as he shall deem appropriate.
(iii) The chief judge may designate a judge in any court or court division of circuit or county court as “Administrative Judge” of any court or division to assist with the administrative supervision of such court or division. The designee shall be responsible to the chief judge, and shall have the power and duty to carry out the responsibilities assigned to him by the chief judge, and shall serve at the pleasure of the chief judge.
(iv) The chief judge may assign clerks, bailiffs, and other officers of the courts, and may require from the clerks of the respective courts, sheriffs, or other officers of the courts, the periodic reports that he deems necessary. He may require the attendance of prosecutors, public defenders, clerks, court reporters, or other officers of the court that he should deem necessary for the speedy, proper and efficient administration of justice.
(v) The chief judge shall regulate the use of courtrooms, regularly examine the *361 dockets of the courts under his administrative supervision and require a report on the status of the actions on the dockets and take such action as may be necessary to cause the dockets to be made current.
(vi) The chief judge or his designee shall regularly examine the status of every inmate of the county jail and reports of the status shall be submitted to the chief judge.
(c) Selection. The chief judge shall be chosen by a majority of the circuit judges, or if there is no majority, by the chief justice, for a term of two years. A chief judge may be removed as chief judge by the supreme court sitting as the administrative supervisory body of all courts. The present chief judges shall serve as chief judges pursuant to this rule until June 30, 1973. The purpose of this rule is to fix a two-year cycle for the selection of chief judge in each circuit beginning with July 1, 1973, and expiring every two years. In circuit courts having two judges on active status the office of chief judge shall be rotated between the judges until the two judges should otherwise agree. A chief judge may serve for successive terms. If a chief judge is to be temporarily absent, he shall select an acting chief judge from among the circuit judges. If a chief judge dies, retires, fails to appoint an acting chief judge during an absence, or is unable to perform his duties, the chief justice of the supreme court shall appoint a circuit judge to act as chief judge during the absence or disability or until a successor chief judge is elected to serve the unexpired term. When the office of chief judge is temporarily vacant pending action within the scope of this paragraph, the duties of court administration shall be performed by the circuit judge having the longest continuous service as a judge or by another circuit judge designated by him.
(d) Executive Assistant. An executive assistant may be selected by a majority of the circuit judges, and shall perform such duties as the chief judge may direct.
(e) Local Rides. Local rules concerning, but not limited to creation of divisions of courts, the division of work among judges, assignment of actions, removal and return of court files, and the scheduling and location of proceedings, and other administrative procedures necessary for the efficient operation of all courts within the circuit, except municipal courts, may be adopted, if consistent with these rules, to become effective after approval by the supreme court. Requests for the adoption of local rules shall be filed, without cost, with the clerk of the supreme court.
(f) Neglect of Duty. The failure of any judge, clerk, prosecutor, public defender, court reporter or other officer of the court to comply with an order or directive of the chief judge shall be considered neglect of duty and shall be reported to the chief justice of the supreme court. The chief justice may report such neglect of duty by a judge to the Judicial Qualifications Commission or such neglect of duty by other officials to the Governor of Florida, as may be appropriate.
RULE 1.035. COURT REPORTER
(a) When Required. Proceedings shall be reported on the request of any party. He shall be responsible for payment of the reporter. The court may order the proceedings reported. Otherwise, reporting of any proceedings shall not be required.
NOTE: At the request of the circuit judges the rule is amended to permit the court to order any proceeding reported. This is within the inherent power of the court.
RULE 1.500. DEFAULTS AND FINAL JUDGMENTS THEREON
(c) Right to Plead. A party may plead or otherwise defend at any time before de *362 fault is entered. If a party in default attempts to file any paper after a default is entered except under subdivision (d), the clerk shall return the paper to the party and notify him of the entry of the default. The clerk shall make an entry on the progress docket of the action taken.