274 So.2d 537 (1973)
STATE of Florida ex rel. E.D. TREADWELL, Jr., As Executor under the Last Will and Testament of E.D. Treadwell, Deceased, Relator,
v.
Hon. Vincent T. HALL, As Judge of the County Court of DeSoto County, Florida, Respondent.
No. 43308.
Supreme Court of Florida.
March 9, 1973.
*538 E.D. Treadwell, Jr., Arcadia, for relator.
David C. Holloman, Arcadia, for respondent.
ERVIN, Justice.
We consider here suggestion for a writ of prohibition and motions to advance filed by both parties.
Relator, E.D. Treadwell, Jr. is the executor under the will of his father which estate is presently being administered in the Circuit Court of DeSoto County, Florida. Respondent is the county judge of that county "assigned to act as a circuit judge" in that county pursuant to the order of Honorable Robert E. Hensley, Chief Judge of the Twelfth Judicial Circuit in and for DeSoto County, issued on January 2, 1973, and providing in part:
"ORDERED that until further order the Honorable Vincent T. Hall, County Judge of DeSoto County .... is hereby assigned to act as a Circuit Judge in DeSoto County in all matters of probate, guardianship, incompetency, trusts, proceedings under `The Florida Mental Health Act' and all juvenile proceedings, dissolutions of marriage, and all uncontested civil matters in circuit court... ."
Respondent County Judge Hall has been a member of The Florida Bar for five years preceding his assignment.
Relator filed a written objection to Respondent concerning his assuming jurisdiction in the probate of his father's will.
The issue here is whether under the provisions of revised Art. V § 2(b), Fla. Const., F.S.A., the chief judge of a judicial circuit is authorized to assign a county judge to assume jurisdiction of matters which, in the language of Section 20 of Article V (schedule) of the Constitution, are in the exclusive jurisdiction of the circuit court.
Art. V, § 2(b), State Constitution, provides in part:
"The chief justice of the supreme court shall ... have the power to assign justices or judges ... to temporary duty in any court for which the judge is qualified and to delegate to a chief judge of a judicial circuit the power to assign judges for duty in his respective circuit."
Art. V, § 8, State Constitution, provides in part:
"... No person is eligible for the office of circuit judge unless he is, and has been for the preceding five years, a member of the bar of Florida."
*539 Both Relator and Respondent stress the urgency of the question presented and have moved to advance the cause for final hearing. Relator states that Judge Hensley's administrative order does not allow for appeal and a declaratory decree is viewed as being too "cumbersome and time-consuming".
Unquestionably, Judge Hensley's order is presently affecting the lives and property of DeSoto County.
Florida Rules of Civil Procedure relating to court administration effective November 29, 1972, were adopted by order of the Supreme Court and appear at 269 So.2d 359. They contain Rule 1.020, 30 F.S.A. This rule was adopted to implement Revised Article V of the 1968 State Constitution. Inter alia, this rule authorizes in subsection (b)(3)(ii) thereof the chief judge of a judicial circuit to "assign any judge to temporary service for which the judge is qualified in any court in the same circuit". This Rule was designed, in part, to obviate the need for each incoming chief justice to specifically delegate to the twenty chief judges of the circuits the authority to make assignments; it also was designed to obviate the need for specific delegations when the chief judges within the circuits were re-elected or changed. Unless a chief justice indicates otherwise, his desire to continue delegation via the Rule is assumed.
It is our overall view, from a consideration of Sections 2, 5, 6, 8 and 20 of revised Article V, that county judges who have been members of the Florida Bar for five years preceding their assignment to judicial service under Section 2(b) of Article V, and who have served in such office upon or after the effective date of the revision, are qualified to be assigned as temporary circuit judges for the performance of any judicial service a circuit judge can perform.
Under revised Article V of the Florida Constitution and the procedural rules promulgated thereunder, a qualified county judge was authorized by proper assignment to discharge the judicial services described in Judge Hensley's order herein.
Since this litigation presented a question of great public importance we have granted the motions to advance, exercised our discretion to accept jurisdiction, dispensed with the issuance of the rule nisi and settled the question instanter.
Having fully considered the matter and resolved the merits as above determined, we direct that suggestion for writ of prohibition be denied.
It is so ordered.
CARLTON, C.J., and ADKINS, BOYD and DEKLE, JJ., concur.