472 So.2d 1163 (1985)
The Honorable John E. CRUSOE, As Acting Circuit Judge of the Second Judicial Circuit, Petitioner,
v.
Troy ROWLS, Respondent.
No. 66179.
Supreme Court of Florida.
July 3, 1985.
Jim Smith, Atty. Gen. and Kent A. Zaiser and William H. Ravenell, Asst. Attys. Gen., Tallahassee, for petitioner.
Armando Garcia, Tallahassee, for respondent.
Joseph R. Boyd, Susan S. Thompson and William H. Branch of Boyd, Thompson & Williams, Tallahassee, and Chriss Walker of the Dept. of Health and Rehabilitative Services, Tallahassee, amicus curiae for State of Fla., Dept. of Health and Rehabilitative Services.
McDONALD, Justice.
We have for review Rowls v. Crusoe, 463 So.2d 237 (Fla. 1st DCA 1984), because the district court certified questions of great public importance. Jurisdiction lies by virtue of article V, section 3(b)(4), Florida *1164 Constitution. The issue involved is the proper extent, duration, and purposes of assigning a county judge to perform circuit court jurisdiction work.
Troy Rowls petitioned the First District Court of Appeal for a writ of prohibition to prevent Leon County Court Judge John Crusoe from hearing child support enforcement proceedings against Rowls. Rowls argued that administrative order no. 82-12 violated Florida Rule of Judicial Administration 2.050(b)(4) because it did not assign a particular judge for a limited period of time and that, therefore, County Judge Crusoe had no jurisdiction over any child support enforcement case. While this prohibition proceeding was pending, the chief judge of the second judicial circuit issued administrative order no. 84-7, which superseded no. 82-12 and limited the child support enforcement assignments to six months. Rowls filed a supplemental petition for a writ of prohibition attacking the validity of administrative order no. 84-7 as merely a continuation of no. 82-12.
The district court denied prohibition after finding no. 84-7 to be a valid assignment of the named county court judges to the circuit court pursuant to rule 2.050(b)(4). The six-month assignments to hear child support enforcement cases are temporary, as required by that rule. The district court certified the following question of great public importance:
DOES ADMINISTRATIVE ORDER 84-7 CONSTITUTE A VALID ASSIGNMENT OF THE NAMED COUNTY JUDGES TO TEMPORARY SERVICE IN THE CIRCUIT COURT PURSUANT TO RULE 2.050(b)(4), FLA.R.JUD.ADMIN.?
463 So.2d at 238.
On rehearing Rowls pointed out that administrative order no. 84-20 had superseded administrative order no. 84-7. This new order added six months to the child support enforcement assignment period. The district court reversed its earlier opinion and granted prohibition. The district court found the successive orders would total two-and-one-half-year assignments for some county court judges and that these assignments constituted both an abdication of circuit court jurisdiction over child support enforcement and an attempt to confer such jurisdiction on county court judges. The district court held administrative order no 84-20 invalid and certified the following question of great public importance:
DOES ADMINISTRATIVE ORDER 84-20 CONSTITUTE A VALID ASSIGNMENT OF THE NAMED COUNTY JUDGES TO TEMPORARY SERVICE IN THE CIRCUIT COURT PURSUANT TO RULE 2.050(b)(4), FLA.R.JUD.ADMIN.?
463 So.2d at 240.
The present judicial article of the constitution was adopted in 1972. Its adoption followed a detailed and painstaking review of past judicial practices in Florida and elsewhere with a goal of establishing a cohesive and efficient vehicle to administer justice in Florida. For trial purposes it was determined that a two-tier trial system would be appropriate, and county courts and circuit courts were established. The circuit courts would have original jurisdiction not vested in the county courts while the county courts would have jurisdiction as prescribed by general law. Art. V, §§ 5, 6, Fla. Const. Section 2 of article V placed the responsibility of adopting rules of practice and procedure for all courts on the Supreme Court and granted the chief justice the power to assign justices or judges, including consenting retired justices or judges, to temporary duty in any court for which the judge is qualified. The chief justice can also delegate to the chief judge or a judicial circuit the power to assign judges for duty in his respective circuit. The Court exercised this authority in promulgating rule 2.050(b)(4), which provides, among other things: "The chief judge may assign any judge to temporary service for which the judge is qualified in any court in the same circuit."
This rule is synonymous with the one approved in State ex rel. Treadwell v. Hall, 274 So.2d 537 (Fla. 1973). Judge Hall, a county judge in DeSoto County, had the *1165 qualifications to be a circuit judge,[1] and DeSoto County was some distance from the nearest resident circuit judge. The chief judge of the circuit had assigned Judge Hall to act as a circuit judge in DeSoto County in all matters of probate, guardianship, incompetency, trusts, proceedings under "the Florida Mental Health Act," and all juvenile proceedings, dissolutions of marriage, and all uncontested civil matters in court. We denied the writ of prohibition in that case, thereby upholding the assignment. We approved the assignment of county judges "as temporary circuit judges for the performance of any judicial service a circuit judge can perform." Id. at 539. We did not define or discuss what "temporary circuit judges" meant.
It is the temporal nature of the assignments under review that concerned the district court. These orders are successive and repetitive assignments of county judges to hear all enforcement petitions of child support orders which have been entered by the circuit court and which have directed support payments to be made to and through the child support section of the sheriff's office. The district court found an abdication of circuit court jurisdiction over support payments and not a temporary assignment of a county judge to a circuit court position. The district court recognized that we have a two-tier trial system and believed that the administrative order impermissibly changed the jurisdiction of the two tiers. See Martinez v. Demers, 412 So.2d 5 (Fla. 2d DCA 1981).
We understand the reluctance of the district court to approve an administrative order that seemingly directs the hearing of a particular type of circuit court work by county judges on a permanent basis, but we place no such construction on the orders under review. We hold them to be a proper use of the chief judge's jurisdiction to maximize an efficient administration of justice in the Second Judicial Circuit. The county judges were not assigned to hear all support orders, but only those falling in a specified class. Obviously, the chief judge felt he needed additional judicial manpower to promptly hear support cases.
The most effective way to assure compliance with support orders is knowledge that one in default will shortly have to appear before a judge to justify his default. A ready and accessible pool of judicial manpower is necessary in accomplishing this. The administrative orders under review were simply an expedient way of accomplishing this and required the county judges to supplement and aid the circuit judges rather than to replace them.
"Temporary" is an antonym for "permanent." It is a comparative term. It can be said that if a duty is not permanent it is temporary. If a county judge is assigned to perform solely circuit court work, the assignment must be for a relatively short time for it to be temporary.[2] If a county judge is assigned to spend a portion of his time performing circuit work, the assignment can be longer,[3] but the assignment cannot usurp, supplant, or effectively deprive circuit court jurisdiction of a particular type of case on a permanent basis. Flexibility must be given the chief judges to utilize effectively judicial manpower in the mutual assistance of each trial court.[4] Nevertheless, the chief judge should be mindful that we do have a two-tier trial system and that generally we should not trespass on the other's jurisdiction. Cross-assignments are to be used to aid and assist and are not to be used to redesignate jurisdiction of the respective courts.
*1166 Construing the assignments liberally with these views in mind we find them to have been lawful. Hence, the certified questions are answered in the affirmative and the decision of the district court on rehearing is quashed.
It is so ordered.
ADKINS, A.C.J., and OVERTON, ALDERMAN, EHLRICH and SHAW, JJ., concur.
NOTES
[1] He later became a circuit judge and is now a judge of the Second District Court of Appeal.
[2] We would suggest no more than sixty days.
[3] We would suggest no more than six months.
[4] Assignments are not limited to county judges performing circuit court duties. Circuit judges have had frequent occassion to sit as county judges, in other divisions of the circuit court, and on district courts of appeal as the need existed. When, by some good fortune, judicial time is available, it is not time to go fishing or golfing but rather to make oneself available to alleviate crowded dockets in all levels of the court system.