500 So.2d 136 (1986)
Manuel Esteban PAYRET, Petitioner,
v.
The Honorable Don T. ADAMS, As Acting Circuit Judge of the Fifteenth Judicial Circuit of Florida, Respondent.
No. 67739.
Supreme Court of Florida.
December 24, 1986.
*137 Nelson E. Bailey, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for respondent.
David H. Bludworth, State Atty., and Maureen H. Ackerman, Asst. State Atty., West Palm Beach, for State Atty. of the Fifteenth Judicial Circuit, amicus curiae.
EHRLICH, Justice.
We have for our review Payret v. Adams, 475 So.2d 300 (Fla. 4th DCA 1985), wherein the district court certified the following question of great public importance:
MAY A COUNTY JUDGE BE INDEFINITELY ASSIGNED CIRCUIT COURT DUTIES IN A SPECIALLY CREATED JURY DISTRICT OF THE FIFTEENTH JUDICIAL CIRCUIT?
We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and answer the question in the negative.
In order to understand the procedural history of this case and our treatment of the certified question, the current system of trying criminal cases in the Fifteenth Judicial Circuit must be examined. Of particular importance are three administrative orders issued by the chief judge of that circuit. The Glades Courthouse Annex, located in Belle Glade, is an official courthouse facility of the Fifteenth Judicial Circuit, in and for Palm Beach County. By Administrative Order 1.004, all circuit and county court matters may be heard at the Glades annex, which geographically encompasses that section of Palm Beach County lying west of a north-south line at 20-Mile Bend. Administrative Order 1.006, enacted pursuant to the authority granted the chief judge of a judicial circuit by section 40.015, Florida Statutes (1985), created the Glades jury district. Under this administrative order, where the situs of an alleged felony is within the Glades district, a felony-charged defendant may request a jury trial at the Glades annex before a jury drawn from the Glades jury district; a defendant who does not so request is tried at the main courthouse in West Palm Beach before a jury drawn from the eastern district. Administrative Order 1.003 represents a blanket authorization from the chief judge for county court judges to decide circuit court cases; assignments entered pursuant to this administrative order are for a full one-year period. This order further provides that in cases other than those in which the county court has exclusive jurisdiction, upon good cause shown a party may have a case transferred to an appropriate division of the circuit court.
Respondent is a county court judge in Palm Beach County. Pursuant to Administrative Order 1.003, respondent has been annually reassigned for the past five years to be the acting circuit court judge for the Glades district. Respondent has acknowledged that for all practical purposes, he is the circuit judge for the Glades district.
The petitioner was charged by information with a felony and the case was set for trial before the respondent, acting as circuit judge, at the Glades annex. Respondent denied petitioner's motion to transfer the case to an appropriate division of the circuit court.[*]
*138 Following this denial, petitioner sought a writ of prohibition from the Fourth District Court of Appeal, alleging that respondent was without jurisdiction to act as a circuit court judge. The district court denied the petition stating that this Court's decision in Crusoe v. Rowls, 472 So.2d 1163 (Fla. 1985), and our reaffirmance of State ex rel. Treadwell v. Hall, 274 So.2d 537 (Fla. 1973), in Crusoe foreclosed the district court from acting. While we understand the district court's reluctance, we feel it has read Crusoe and Treadwell too broadly.
The sole issue before us sub judice is the temporal nature of respondent's assignment. The issue before us in Treadwell was whether the chief judge of a judicial circuit was authorized to assign duties to a county court judge which, under our constitution, are in the exclusive jurisdiction of the circuit court. 274 So.2d at 538. The extent of our holding in Treadwell was that those county court judges who met the qualifications for being a circuit judge under article V, section 8, were qualified to be assigned as temporary circuit judges. Id. at 539. The assignment in Treadwell stated that it was to be effective "until further order," id. at 538, and it is this language on which both respondent and amicus rely in support of their position that the assignment sub judice is temporary and more limited than the assignment we approved in Treadwell. Judging from the phrasing of the district court's opinion below, it was evidently this same open-ended language which that court found to be controlling.
In Crusoe, however, we explicitly stated that, "what temporary circuit judges" meant was not discussed or defined in Treadwell. 472 So.2d at 1165. In Crusoe we explained:
"Temporary" is an antonym for "permanent." It is a comparative term. It can be said that if a duty is not permanent it is temporary. If a county judge is assigned to perform solely circuit court work, the assignment must be for a relatively short time for it to be temporary. If a county judge is assigned to spend a portion of his time performing circuit work, the assignment can be longer, but the assignment cannot usurp, supplant, or effectively deprive circuit court jurisdiction of a particular type of case on a permanent basis.
Id. (footnotes omitted). We suggested that when a county court judge is assigned to do solely circuit court work, the assignment, in order to be temporary, should be for no more than sixty days; when a county court judge is assigned to spend only a portion of his time doing circuit court work, we suggested no more than six months.
We suggested these time periods because we recognized the need for giving the chief judges flexibility in order for them to effectively utilize available judicial labor, and we liberally construed the assignments in Crusoe with this in mind. Id. at 1166.
Factually, Crusoe dealt with successive and repetitive assignments of county court judges assigned to hear a limited class of support orders. We found these assignments valid as the county judges were assigned "to supplement and aid the circuit judges rather than to replace them." Id. at 1165. The facts sub judice stand in stark contrast. Respondent's assignment has been successive and repetitive, having been renewed annually for the last five years. Rather than being assigned to aid or assist the circuit judges in a limited class of cases, respondent has been assigned to hear all circuit court matters in the Glades district. Indeed, respondent has conceded that for all intents and purposes, he is the circuit judge for the Glades district. Respondent and amicus argue that the assignment at issue is a valid temporary assignment as, facially, it is only for a one year period. We cannot simply close our eyes to the de facto permanency of respondent's assignment, and no exercise in liberal construction of the administrative order before us can transform this permanent assignment into a valid temporary one; such a result could only be accomplished by legerdemain.
Respondent and amicus have presented us with various reasons supporting the creation of the Glades annex and the Glades *139 jury district, and have stressed the convenience to the citizens of western Palm Beach County in having respondent assigned as the circuit judge for that locale. The only issue before us today is the validity of respondent's assignment, and constitutional provisions cannot be ignored for reasons of convenience. Article V, section 10(b), mandates that circuit judges shall be elected by vote of the qualified electors within the territorial jurisdiction of the court. Article V, section 11(b), provides that when a vacancy on a circuit court occurs, the governor shall appoint a judge to fill that vacancy. Respondent has become a permanent circuit judge not by the method mandated by the constitution, but by administrative order. This cannot be done.
Therefore, we answer the certified question in the negative, quash the decision of the district court and remand for proceedings consistent with this opinion.
It is so ordered.
ADKINS, BOYD, SHAW and BARKETT, JJ., concur.
OVERTON, J., dissents with an opinion, in which McDONALD, C.J., concurs.
OVERTON, Justice, dissenting.
The majority's decision will substantially impact on the efficient utilization of Florida's judicial manpower and is contrary to the intent and purpose of article V, section 2, of the Florida Constitution. The basic circumstances in State ex rel. Treadwell v. Hall, 274 So.2d 537 (Fla. 1973), are identical to those in the instant case. In Treadwell, we approved assigning DeSoto County's county court judge to circuit court work in that county. That record reflected that the county court judge had ample time to fulfill both county court and circuit court responsibilities. The majority decision effectively overrules Treadwell by restricting the use of county court judges as circuit judges in rural and semi-rural counties. Further, the majority decision will require either (1) that circuit judges travel to counties where there are no resident circuit judges or (2) that qualified county court judges from other counties within the circuit periodically exchange counties to do circuit court work. As a result, judicial time will be lost in travel and other available judicial time from county court judges will be totally lost. In my view, this is poor administrative policy and clearly contrary to the intent of article V, section 2, of Florida's constitution.
The majority answers the certified question in the negative. I would answer the question in the affirmative provided the county court judge retains his or her county court duties. I agree with the majority, however, that a county court judge could not indefinitely be assigned exclusively to circuit court work. Consistent with Treadwell, I would consider the order "temporary" when the phrase "until further order of the court" is used and the judge is not relieved of county court jurisdiction.
In view of the majority's decision, article V should be amended to allow Florida to fully utilize its present judicial manpower.
McDONALD, C.J., concurs.
NOTES
[*] The petitioner's motion was made pursuant to Administrative Order 1.003, which allows transfer for good cause shown. Petitioner's good cause argument was premised on the validity of respondent's nontemporary assignment as circuit court judge.