PATTERSON, Judge.
The husband, Gary L. Hollingsworth, and Hollidale Farms, Inc., a closely held family corporation, appeal a final judgment dissolving the twenty-four year marriage of appellant and appellee-wife, Cherie A. Hollingsworth.
There are three primary issues raised for consideration. First, whether the judgment is voidable for the reason that the case was heard and determined by a county judge acting under a blanket administrative order designating him as an acting circuit judge in violation of Payret v. Adams, 500 So.2d 136 (Fla.1986). Second, whether the trial court committed various errors in the determination of the value of the parties’ marital assets, the division of those assets, and an award of alimony. Third, whether the trial court erred in failing to follow the procedures set forth in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), in making an award of attorney’s fees to the wife. We affirm in part and reverse in part.
The record reflects that since 1977 the various chief judges of the Twelfth Judicial Circuit entered a series of administrative orders designating the county judge of Desoto County to hear and determine matters cognizable in the circuit court. Many of those orders, which were entered on a yearly basis, were contrary to the holding in Payret, which prohibits the designation of a county judge as a circuit judge on anything other than a temporary basis. We, however, are only concerned with the orders pertaining to Judge Holt-zendorf during the trial and entry of final judgment in this case. During the trial and at the time of the entry of the final judgment of dissolution, Judge Holtzendorf was acting pursuant to an order of appointment from January 5, 1987 until July 31, 1987. At the time of the entry of the supplemental final judgment Judge Holtzendorf was acting pursuant to an order of appointment from August 24, 1987 until October 31, 1987. We hold that these orders are in fact temporary appointments as defined by Payret, and that the judgment is not voidable on such grounds.
As to the trial court’s evaluation of marital assets, the division of property and the award of alimony, we need only to say that the record contains evidence which can support the trial court’s ruling on each of these matters. Because reasonable men could differ as to the result, the trial court did not commit an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 *906 (Fla.1980). We cannot substitute our judgment for that of the trial judge on decisions within his discretion. Lamb v. Lamb, 500 So.2d 256 (Fla. 1st DCA 1986). We, therefore, affirm these awards.
On the issue of attorney’s fees, the trial court failed to follow the procedural requirements of Rowe and its progeny in this court. See Lanham v. Lanham, 528 So.2d 80 (Fla. 2d DCA 1988); Tucker v. Tucker, 513 So.2d 733 (Fla. 2d DCA 1987); Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986). We, therefore, reverse the award of attorney’s fees to the wife and remand this cause to the trial court for a determination of fees in accordance with Rowe.
Affirmed in part, reversed in part.
SCHEB, A.C.J., and THREADGILL, J., concur.