PARKER, Acting Chief Judge.
Petitioners, who are juveniles, appeal the denial of an amended petition for writ of prohibition which sought to prohibit, upon jurisdictional grounds, the respondent, a county judge, from hearing the cases involving the petitioners. We affirm.
Respondent is a county judge in DeSoto County. The circuit court has exclusive original jurisdiction of proceedings in which a child is alleged to have committed a delinquent act or violation of the law. From at least July 1, 1991, through December 1994, the Chief Judge of the Twelfth Judicial Circuit has entered successive administrative orders, lasting for six months each, assigning the respondent as a temporary judge of the circuit court “to dispose of all matters considered by him on said dates.”
It is clear from the record that the respondent continued to fulfill his duties as a county judge. In addition, he has been assigned to share with a circuit judge some circuit court duties involving juvenile matters and domestic relations eases.
The supreme court has disapproved a county judge’s assignment to fulfill permanently the duties of a circuit judge. See Payret v. Adams, 500 So.2d 136 (Fla.1986). In Dozier v. Wild, 20 Fla.L.Weekly 199, — So.2d —(Fla. 4th DCA Jan. 18, 1995), the Fourth District followed Payret and certified the following question:
MAY COUNTY COURT JUDGES BE ASSIGNED SUCCESSIVELY AND RE- ■ PEATEDLY IN SIX-MONTH ASSIGNMENTS OVER SEVERAL YEARS TO PRESIDE IN THE CIRCUIT COURT OVER ALL FELONY CASES IN THE COUNTY?
Although the petitioners assert that Payret and Dozier require this court to direct the trial court to grant the petition for writ of prohibition, we decline to do so. The respondent continued to fulfill his function as a county court judge for DeSoto County. His repeated six-month assignments by the chief judge to cover partially the hearings in juvenile and domestic matters do not violate Pay-ret. In Payret, the supreme court recognized Crusoe v. Rowls, 472 So.2d 1163 (Fla.1985). In Crusoe, there had been a successive and repetitive assignment of county judges to hear all enforcement petitions of child support orders which had been entered by the circuit court and which had directed support payments to be made to and through the child support section of the sheriffs office. In concluding that those assignments of county judges were valid, the supreme court stated:
We understand the reluctance of the district court to approve an administrative order that seemingly directs the hearing of a particular type of circuit court work by county judges on a permanent basis, but we place no such construction on the orders under review. We hold them to be a proper use of the chief judge’s jurisdiction to maximize an efficient administration of justice in the Second Judicial Circuit. The county judges were not assigned to hear all support orders, but only those falling in a specified class. Obviously, the chief judge felt he needed additional judicial manpower to promptly hear support cases.
The most effective way to assure compliance with support orders is knowledge that one in default will shortly have to appear before a judge to justify his default. A ready and accessible pool of judicial manpower is necessary in accomplishing this. The administrative orders under review were simply an expedient way of accomplishing this and required the county judges to supplement and aid the circuit judges rather than to replace them.
“Temporary” is an antonym for “permanent.” It is a comparative term. It can be said that if a duty is not permanent it is temporary. If a county judge is assigned to perform solely circuit court work, the assignment must be for a relatively short *783 time for it to be temporary.[2] If a county judge is assigned to spend a portion of his time performing circuit work, the assignment can be longer,[3] but the assignment cannot usurp, supplant, or effectively deprive circuit court jurisdiction of a particular type of case on a permanent basis. Flexibility must be given the chief judges to utilize effectively judicial manpower in the mutual assistance of each trial court. Nevertheless, the chief judge should be mindful that we do have a two-tier trial system and that generally we should not trespass on the other’s jurisdiction. Cross-assignments are to be used to aid and assist and are not to be used to redes-ignate jurisdiction of the respective courts.
Crusoe, 472 So.2d at 1165 (emphasis in original) (footnote 4 omitted).
We conclude that respondent’s service as a circuit judge under the current administrative order, which results in the chief judge assigning the respondent to share a circuit caseload in two specific areas, does not violate the holdings in Payret or Crusoe. The respondent is not assigned indefinitely solely to circuit court duties. Instead, the respondent is repeatedly given six-month assignments in circuit court which, in addition to permitting him to fulfill his county judge duties, permits him to aid in handling the circuit court caseload.
We note that after the petitioners filed for a writ of prohibition in this case, the chief judge of the Twelfth Judicial Circuit entered an administrative order appointing the respondent as an acting circuit judge to hear and determine all matters in the petitioners’ cases. Although we conclude that this order complies with Payret, the earlier administrative order is sufficient to permit the respondent to serve as a temporary circuit judge in the petitioners’ cases.
Affirmed.
ALTENBERND and LAZZARA, JJ., concur.

 We would suggest no more than sixty days.

 We would suggest no more than six months.