659 So.2d 1103 (1995)
Robert Lee DOZIER, Petitioner,
v.
The Honorable Joe A. WILD, Acting Circuit Judge of the Nineteenth Judicial Circuit, Respondent.
No. 94-1104.
District Court of Appeal of Florida, Fourth District.
January 18, 1995.
Jeffrey H. Garland of Kirschner & Garland, P.A., Fort Pierce, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for respondent.

ON REHEARING EN BANC
FARMER, Judge.
We grant rehearing to correct the statement of facts and therefore substitute the following for our original opinion. In so doing, we deny the state's motion for clarification and for a stay of mandate. We also deny for lack of standing the motion of the Chief Judge of the Nineteenth Judicial Circuit to intervene.
Since 1990, one county court judge has been successively and repeatedly assigned by the chief judge of the nineteenth judicial circuit for six-month periods to serve as an acting circuit court judge to preside over one-half of all criminal cases in Indian River County. Since January 1994 a second county judge has been added, so that these county judges now preside over all felony cases arising within that county. Effectually this procedure *1104 means that, if a person is accused of a felony in Indian River County, the person will never see a duly elected or appointed circuit judge. The entire case, including sentencing, will be conducted by a county court judge assigned to duty in the criminal division of the circuit court. We grant prohibition and hold the practice in this case unconstitutional.
Petitioner was charged with felony violations of carrying a concealed firearm and possession of a concealed firearm by a convicted felon. The county court judge repeatedly assigned to circuit court duties is respondent Wild; as an acting circuit court judge, he is the assigned judge for this case. In a motion to disqualify him from presiding over his case in the circuit court, petitioner asserted essentially the above facts  that two county court judges had been assigned to preside over all felony cases in Indian River County in 1994. Citing various provisions of the Florida Constitution and Statutes, he claimed that he should not be required to endure a county court judge assigned to de facto permanent duty in the circuit court. We agree.
In denying the motion to disqualify, Judge Wild stated the following, which we quote from his order:
"1. [Respondent] has been assigned as an Acting Circuit Judge since assuming the office of County Judge in January, 1989. The assignments have been by order of the Chief Judge. Each order has been six months duration.
2. [Respondent] was assigned all juvenile cases and HRS hearings in Indian River County since July 1, 1990 (three consecutive orders).
3. [Respondent] has been assigned one half of all felony cases in Indian River County since July 1, 1990 (8 consecutive orders).
4. In June of 1990 [respondent] made a request to the Chief Judge that the Chief Judge not assign [respondent] to be an Acting Circuit Judge in any area. [Respondent] was told that the assignments were necessary to conduct the judicial business of the Nineteenth Circuit and that the Chief Judge would be making further assignments of [respondent] and that [respondent] could not refuse an assignment from the Chief Judge.
5. [Respondent] requested assignment to felony cases based on considerations of efficiency, competency and judicial economy.
6. The Chief Judge and all successor Chief Judges have continued the same six month assignment, although [respondent] has not made any further requests regarding temporary assignments.
7. The Fourth District Court of Appeals [sic] has affirmed [respondent] sitting as an Acting Circuit Judge."
Order on Motion to Disqualify, 1-2.[1] Petitioner promptly filed a petition for a writ of prohibition in this court seeking to disqualify respondent on the grounds that the established procedure was invalid. We grant the writ.
In Payret v. Adams, 500 So.2d 136 (Fla. 1986), the court answered in the negative the following question certified by this court:
"MAY A COUNTY JUDGE BE INDEFINITELY ASSIGNED CIRCUIT COURT *1105 DUTIES IN A SPECIALLY CREATED JURY DISTRICT OF THE FIFTEENTH JUDICIAL CIRCUIT?"
The facts in Payret showed that over a period of five years there had been successive and repetitive assignments of a county judge as an acting circuit judge to preside over a special jury district in the circuit court in Palm Beach County. The supreme court decided that this created a de facto permanent appointment of a county judge to circuit judge duties, violating article V, section 11(b), Florida Constitution.
In reaching its conclusion, the Payret court took note of its previous decision in Crusoe v. Rowls, 472 So.2d 1163 (Fla. 1985), in which it had reaffirmed an earlier holding in Treadwell v. Hall, 274 So.2d 537 (Fla. 1973), to the effect that the chief judge of a circuit court had the power to assign duties which are under the exclusive jurisdiction of the circuit court to a county judge. In Crusoe, the court had stressed that such assignments must be temporary and only for a short period of time.[2]
Payret stressed that the issue was "the temporal nature of respondent's assignment." The court repeated what it had said in Crusoe:
"`Temporary' is an antonym for `permanent.' It is a comparative term. It can be said that if a duty is not permanent it is temporary. If a county judge is assigned to perform solely circuit court work, the assignment must be for a relatively short time for it to be temporary. If a county judge is assigned to spend a portion of his time performing circuit work, the assignment can be longer, but the assignment cannot usurp, supplant or effectively deprive circuit court jurisdiction of a particular type of case on a permanent basis."
500 So.2d at 138 [quoting from Crusoe, 472 So.2d at 1165]. The court proceeded to emphasize the successive and repetitive nature of the assignments, which had been renewed annually. It brushed aside the argument that, because they were made expressly for specific one year periods, the assignments were temporary. 500 So.2d at 138. The court summed up its holding, saying:
"We cannot simply close our eyes to the de facto permanency of respondent's assignment, and no exercise in liberal construction of the administrative order before us can transform this permanent assignment into a valid temporary one; such a result could only be accomplished by legerdemain."
500 So.2d at 138.
It would require of us similar judicial legerdemain to characterize as temporary these virtually indistinguishable continuous reassignments of county judges to preside over all felony cases in Indian River County for what appears to be longer than the last four years. We see no validation in the notion that two county court judges have been used rather than one, or that the assignments have been in six month periods rather than one year. Dividing the operative facts in Payret by two simply does not avoid its essential holding and thus yield validity.[3]
We recognize that the chief judges of the circuit courts must be given some flexibility to meet the increasing judicial demands they face from our growing population. We loathe to interfere with the exercise of their considerable discretion to manage their dockets. In this instance, however, an approval of this procedure  especially in the name of flexibility and judicial discretion  would stretch the constitutional provision beyond any real meaning, and actually give flexibility and discretion a bad name. If this device were not invalid under the Payret analysis, it is hard to conceive of one that would be.
We therefore quash the order denying disqualification, as well as the current administrative order appointing Judge Wild through *1106 1994, and remand this cause for further consistent proceedings. Because the issue involves a question of great importance to the administration of justice throughout the state, we certify the following question to the supreme court:
MAY A COUNTY COURT JUDGE BE ASSIGNED SUCCESSIVELY AND REPEATEDLY IN SIX MONTH ASSIGNMENTS OVER SEVERAL YEARS TO PRESIDE IN THE CIRCUIT COURT OVER HALF OF ALL FELONY CASES IN A COUNTY?
DELL, C.J., and HERSEY, GLICKSTEIN, GUNTHER, WARNER, KLEIN, PARIENTE, and STEVENSON, JJ., concur.
POLEN, J., concurs in result only.
STONE, J., dissenting without opinion.
NOTES
[1] Paragraph 7 of Judge Wild's order apparently refers to comments made in a special concurring opinion in Wallace v. State, 609 So.2d 64, 64-5 (Fla. 4th DCA 1992) (Anstead, J., concurring). It should be noted that Judge Wild was the lower court judge whose decision we reviewed in Wallace; it is understandable that he would ascribe the effect he gave to the majority's per curiam opinion in that case. The majority opinion in Wallace, however, was silent on the issue concerning the assignment of the county judge; a reader of that opinion would have no clue that the issue had even been raised.

It is axiomatic that a special concurring opinion has no binding effect as precedent and represents only the personal views of its author. Carls Markets Inc. v. Meyer, 69 So.2d 789 (Fla. 1953); Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984); Dunn v. State, 454 So.2d 641 (Fla. 5th DCA 1984); Ephrem v. Phillips, 99 So.2d 257 (Fla. 1st DCA 1957) (concurring opinion represents only the personal view of the concurring judge, and does not constitute the basis of the ultimate decision unless concurred in by a majority of the court). The majority opinion is authority only for the issues raised and discussed within it. See Greene v. Massey, 384 So.2d 24 (Fla. 1980).
[2] When the assignment is to perform solely circuit judge duties, the court suggested that the period should not be longer than 60 days; when the assignment is to spend only part time in the performance of circuit judge duties, the suggested period was 6 months. 472 So.2d at 1165.
[3] Judges of Polk County Court v. Ernst, 615 So.2d 276 (Fla. 2d DCA), rev. denied, 624 So.2d 265 (Fla. 1993), merely involved the assignment of county judges to service as county judges in an adjoining county. There was no question of county judges permanently being assigned to circuit court duty.