672 So.2d 16 (1996)
The Honorable Joe A. WILD, As Acting Circuit Judge of the Nineteenth Judicial Circuit, Petitioner,
v.
Robert Lee DOZIER, Respondent.
No. 85050.
Supreme Court of Florida.
February 8, 1996.
Rehearing Denied April 11, 1996.
Robert A. Butterworth, Attorney General; Joan Fowler, Senior Assistant Attorney General, Chief, West Palm Beach Bureau, and *17 Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for Petitioner.
Jeffrey H. Garland of Kirschner & Garland, P.A., Fort Pierce, for Respondent.
Louis B. Vocelle, Jr. of Clem, Polackwich & Vocelle, Vero Beach, for Honorable L.B. Vocelle, Chief Judge of the Nineteenth Judicial Circuit, Amicus Curiae.
PER CURIAM.
We have for review Dozier v. Wild, 659 So.2d 1103 (Fla. 4th DCA 1995), wherein the Fourth District Court of Appeal quashed an administrative order of the Chief Judge of the Nineteenth Judicial Circuit assigning a county court judge to circuit court duty and certified the following question to be of great public importance:
MAY A COUNTY COURT JUDGE BE ASSIGNED SUCCESSIVELY AND REPEATEDLY IN SIX MONTH ASSIGNMENTS OVER SEVERAL YEARS TO PRESIDE IN THE CIRCUIT COURT OVER HALF OF ALL FELONY CASES IN A COUNTY?
Id. at 1106. We have jurisdiction[1] and quash the decision under review.
Since July 1990 the Honorable Joe A. Wild, Judge of the County Court of Indian River County, has been assigned by the various Chief Judges of the Nineteenth Judicial Circuit to serve for six-month periods as an acting circuit court judge to preside over one half of all felony cases in Indian River County. During this period, Judge Wild has continued to handle a county court docket. In January 1994 the Chief Judge assigned a second county judge to preside over the other half of felony cases arising within the county. In April 1994 the respondent, Robert Lee Dozier, sought to disqualify Judge Wild from presiding over his felony case, alleging that the judge had become a "de facto permanent" circuit judge and therefore lacked jurisdiction to hear his case. Judge Wild denied the motion.
Dozier then filed a petition for writ of prohibition in the Fourth District Court of Appeal, claiming that as a county court judge assigned to de facto permanent duty in the circuit court, Judge Wild lacked authority to preside over his case. The district court agreed, granted the writ, and quashed the order denying disqualification along with the administrative order appointing Judge Wild through 1994. 659 So.2d at 1105-06. In holding the assignment invalid, the district court relied on this Court's decisions in Payret v. Adams, 500 So.2d 136 (Fla.1986), and Crusoe v. Rowls, 472 So.2d 1163 (Fla.1985), but certified the above question for our consideration. Judge Wild seeks review.[2]
First, Judge Wild claims that the district court lacked authority to quash the administrative order assigning him to circuit court duty. Judge Wild correctly points out that this Court's decisions in Payret and Crusoe, wherein judicial assignments were reviewed by the district court, do not control because the district court's jurisdiction was not challenged in those cases.
After considering the issue, we conclude that this Court has exclusive jurisdiction to review judicial assignments. This authority derives from article V, sections 2(a) and (b) of the Florida Constitution. Article V, section 2(a) gives this Court authority to adopt rules for the administrative supervision of all courts. Article V, section 2(b) gives the Chief Justice of this Court, as the chief administrative officer of the judicial system, power to assign justices or judges to temporary duty in any court for which the judge is qualified and to delegate that power to the chief judges of the judicial circuits.
Delegation of the Chief Justice's assignment power to the chief judges of the judicial circuits is necessary to the proper administration of our court system. This is because, as the administrative officer of all courts within a judicial circuit,[3] the chief judge is *18 best equipped to assess the needs of each trial court and to allocate the judicial labor available within the circuit accordingly. With this reality in mind, Florida Rule of Judicial Administration 2.050(b)(4) expressly authorizes the chief judges of the judicial circuits to "assign any judge to temporary service for which the judge is qualified in any court in the same circuit." We explained in State ex rel. Treadwell v. Hall, 274 So.2d 537, 539 (Fla.1973), that the rule[4] delegating the power to assign judges
was designed, in part, to obviate the need for each incoming chief justice to specifically delegate to the twenty chief judges of the circuits the authority to make assignments; it also was designed to obviate the need for specific delegations when the chief judges within the circuits were re-elected or changed. Unless a chief justice indicates otherwise, his desire to continue delegation via the Rule is assumed.
When a chief judge exercises this delegated assignment authority, the judge is acting under the Chief Justice's constitutional power to make temporary judicial assignments to ensure the speedy, efficient, and proper administration of justice within the various circuits. Because of the vital role temporary judicial assignments play in the administration of our court system, this Court must have exclusive jurisdiction to review such assignments under its article V, section 2(a) authority to oversee the administrative supervision of all courts. This grant of exclusive authority ensures this Court's plenary control over the state's court system and avoids the disruptive effect allowing district courts to quash judicial assignments would have on that system. Moreover, there is nothing in our Constitution to indicate that district courts are to share in the administrative supervision of our trial courts, and we decline to read our Constitution to sanction the disruption to the judicial system inherent in such shared authority.
Accordingly, we hold that a litigant who is affected by a judicial assignment made by a chief judge of a judicial circuit must challenge the assignment in the trial court and then seek review in this Court by way of petition for writ of prohibition or petition for relief under the "all writs" power.[5]See Art. V, § 3(b)(7), Fla. Const. (this Court "may issue writs of prohibition to courts and all writs necessary to the complete exercise of its jurisdiction"); accord State ex rel. Treadwell v. Hall, 274 So.2d 537 (Fla.1973) (challenge of assigned judge's jurisdiction raised in trial court, followed by petition for writ of prohibition filed in this Court).
Accordingly, we hold that the district court of appeal lacked authority to review the administrative order assigning Judge Wild to circuit court duty. However, we treat the petition for writ of prohibition filed in the district court as if it had been filed in this Court[6] and address the certified question in an attempt to further define the parameters of a proper temporary assignment under rule 2.050(b)(4).
In Treadwell we approved an order appointing a county judge to act as a circuit judge in DeSoto County "in all matters of probate, guardianship, incompetency, trusts, proceedings under the `Florida Mental Health Act' and all juvenile proceedings, dissolutions of marriage, and all uncontested civil matters in circuit court." 274 So.2d at 538. Likewise, in Crusoe v. Rowls, 472 So.2d 1163 (Fla.1985), we upheld the successive and repetitive assignment of county court judges to hear all petitions to enforce child support orders that directed support payments to be made through the child support section of the sheriff's office. In addressing whether the assignment was proper, we explained that an *19 assignment is "temporary" under rule 2.050(b)(4) if it is not "permanent:"
"Temporary" is an antonym for "permanent." It is a comparative term. It can be said that if a duty is not permanent it is temporary. If a county judge is assigned to perform solely circuit court work, the assignment must be for a relatively short time for it to be temporary. If a county judge is assigned to spend a portion of his time performing circuit work, the assignment can be longer, but the assignment cannot usurp, supplant, or effectively deprive circuit court jurisdiction of a particular type of case on a permanent basis.
472 So.2d at 1165 (footnotes omitted). Where a county judge is assigned solely to perform circuit court duties, we suggested that a sixty-day assignment was acceptable; where the judge is ordered to spend only a portion of his time performing circuit court work, we suggested that a six-month assignment was acceptable. Id. at 1165 nn. 2-3. These time periods were suggested with the recognition that chief judges must be given flexibility to effectively utilize available judicial labor. Id. at 1165.
Although the successive assignments at issue in Crusoe totalled two-and-one-half years, we upheld them as proper temporary assignments in part because the county judges were assigned only a limited class of support orders and the assignment was to "supplement and aid the circuit judges rather than to replace them." Id.
Shortly after the decision in Crusoe, this Court was asked to further define the parameters of a temporary judicial assignment under rule 2.050(b)(4). In Payret v. Adams, 500 So.2d 136 (Fla.1986), the Court held that a county court judge may not be indefinitely assigned, by successive orders, circuit court duties in a specially created jury district. The county judge in Payret had been annually reassigned for a five-year period to be the acting circuit judge for a specially created district of the Fifteenth Judicial Circuit. We noted:
Rather than being assigned to aid or assist the circuit judges in a limited class of cases, respondent has been assigned to hear all circuit court matters in the Glades district. Indeed, respondent has conceded that for all intents and purposes, he is the circuit judge for the Glades district.
Id. at 138. Under the circumstances, this Court held the successive one-year assignments invalid as a de facto permanent assignment. Id. at 138.
These decisions illustrate that whether a judicial assignment is a proper "temporary" assignment under rule 2.050(b)(4) is not merely a function of the duration of an individual assignment. The successive nature of the assignment, the type of case covered by the assignment, and the practical effect of the assignment on circuit court jurisdiction over a particular type of case also must be considered. For example, Crusoe illustrates that successive assignments totalling more than two years may be considered temporary if the class of circuit court case covered by the assignment is limited and the practical effect of the assignment is to aid and assist circuit judges rather than to usurp circuit court jurisdiction over a particular type of case. 472 So.2d at 1165. Similarly, Payret demonstrates that successive and repetitive assignments that, when considered individually, may be facially valid will not be considered temporary where their practical effect is to create a de facto permanent circuit judge by administrative order. 500 So.2d at 138.
In multi-county circuits the county judges in the less populous counties are often underutilized, yet they are willing to do circuit judge work. In some instances there are no circuit judges resident within those counties. The most efficient use of scarce judicial resources dictates the assignment of county judges to handle limited aspects of circuit judge work in such counties, provided that the assignments do not interfere with the full performance of county judge duties.
In the instant case, Judge Wild continues to do all of his county judge work. In addition, Judge Wild has received new assignments every six months to hear one half of the criminal circuit court work. Obviously, the criminal division is only one of several divisions of the Nineteenth Judicial Circuit Court, and Judge Wild is assigned to only *20 half of the cases within that division. The orders appointing Judge Wild more nearly resemble those approved in Treadwell and Crusoe rather than the order disapproved in Payret. See also J.G. v. Holtzendorf, 648 So.2d 781 (Fla. 2d DCA 1994) (approving successive six-month assignments of county judge to hear juvenile and domestic matters in circuit court), review granted, 659 So.2d 271 (Fla.1995). Thus, we conclude that the successive six-month assignments of Judge Wild to hear half of the cases in Indian River County are permissible.
However, we cannot ignore the fact that County Judge Balsiger has now been assigned to hear the other half of the felony cases in Indian River County. To permit this practice to continue would have the effect of permanently usurping a major segment of circuit court work within the county. Therefore, we direct the Chief Judge of Indian River County to make the appropriate judicial reassignments in order that county judges not be assigned to more than half of the felony cases within the county. However, in view of the fact that Judge Wild and Judge Balsiger have each been sitting on felony cases pursuant to valid orders, this directive shall not be construed to mean that they have been without jurisdiction to hear these cases.
We answer the certified question in the affirmative, quash the decision below, and deny the petition for prohibition.
It is so ordered.
GRIMES, C.J., and OVERTON, HARDING and WELLS, JJ., concur.
KOGAN, J., concurs in part and dissents in part with an opinion, in which SHAW and ANSTEAD, JJ., concur.
KOGAN, Justice, concurring in part and dissenting in part.
I agree that this Court has exclusive jurisdiction to review judicial assignments. However, I cannot agree that the successive assignments at issue here are proper temporary assignments under Florida Rule of Judicial Administration 2.050(b)(4) and article V, section 2(b) of the Florida Constitution.
The majority recognizes that an assignment is "temporary" under rule 2.050(b)(4) if it is not "permanent":
"`Temporary" is an antonym for `permanent.' It is a comparative term. It can be said that if a duty is not permanent it is temporary. If a county judge is assigned to perform solely circuit court work, the assignment must be for a relatively short time for it to be temporary. If a county judge is assigned to spend a portion of his time performing circuit work, the assignment can be longer, but the assignment cannot usurp, supplant, or effectively deprive circuit court jurisdiction of a particular type of case on a permanent basis."
Majority op. at 19 (quoting Crusoe v. Rowls, 472 So.2d 1163, 1165 (Fla.1985)). It further recognizes that, under our caselaw,
whether a judicial assignment is a proper "temporary" assignment under rule 2.050(b)(4) is not merely a function of the duration of an individual assignment. The successive nature of the assignment, the type of case covered by the assignment, and the practical effect of the assignment on circuit court jurisdiction over a particular type of case also must be considered.
Majority op. at 19. The majority properly finds support for this proposition in this Court's decisions in Crusoe and Payret v. Adams, 500 So.2d 136 (Fla.1986). As the majority notes, this Court upheld successive assignments of county court judges to circuit court duty in Crusoe, where 1) the class of case covered by the assignmenta limited class of support orderswas much more limited than the class of case affected hereall felony casesand 2) the practical effect of the assignment was to aid and assist circuit judges rather than to usurp circuit court jurisdiction over a particular type of case. 472 So.2d at 1165. Whereas, in Payret, the Court held invalid successive and repetitive assignments that when considered individually were facially valid because their practical effect was to create a de facto permanent circuit judge by administrative order. 500 So.2d at 138.
Although the majority recognizes the considerations relevant to the determination at *21 hand, it fails to consider those factors in the context of this case and merely concludes, without explanation, that the assignments at issue here are more like those approved in Treadwell and Crusoe than the assignments disapproved in Payret. Majority op. at 20. The Treadwell decision lends no support to the majority's conclusion because the issue in Treadwell was whether the chief judge was authorized to assign a county court judge to circuit court duty, not whether the assignment was "temporary." The majority appears to base its holding on the need for "efficient use of scarce judicial resources." Id. at 19. While no one could dispute this basic premise, it is equally clear that judicial resources must be utilized within the constraints of our constitution. This is what our decisions in Crusoe and Payret teach.
Turning to the assignment at issue here, I agree with the Fourth District Court of Appeal that it is a de facto permanent assignment of a county court judge to circuit judge duties, in violation of article V, sections 2(b) and 10(b) of the Florida Constitution. As of April 1994, Judge Wild had been assigned in eight consecutive administrative orders to preside over half of the felony cases in Indian River County. Although each successive assignment was limited to the six-month term suggested by this Court in Crusoe, the effect of the automatic reassignments was to give a county court judge jurisdiction over half of all felony cases arising in Indian River County for a period of at least four years.
To my mind, the assignment cannot be considered "temporary." Such automatic reassignments have the practical effect of creating a de facto permanent circuit court judge and are no different than the indefinite assignment by successive order that was held improper in Payret. Moreover, as of January 1994, when a second county judge was assigned to preside over the other half of felony cases arising in Indian River County, circuit court jurisdiction over felony cases effectively was redesignated by administrative order, contrary to this Court's decision in Crusoe. The majority recognizes as much when it states that to "permit this practice to continue would have the effect of permanently usurping a major segment of circuit court work within the county." Majority op. at 20.
Even under the majority's analysis, the petition for writ of prohibition should be granted and the order denying disqualification of Judge Wild in Dozier's case quashed. Such relief is warranted because at the time Dozier's felony case was assigned, he had no chance of having it heard by a duly elected circuit judge since jurisdiction over all felony cases had been unconstitutionally placed in the hands of two county court judges.
Accordingly, I would answer the certified question in the negative, grant the petition for writ of prohibition and quash both the order denying disqualification of Judge Wild in Dozier's case and the administrative order at issue here. Moreover, regardless of how this case is resolved, I agree with Justice Anstead that this Court should enact specific guidelines for making temporary judicial assignments. See Wallace v. State, 609 So.2d 64, 65 (Fla. 4th DCA 1992) (Anstead, J., concurring specially). Thus, in the hope of eliminating much of the confusion that exists in this area, I would ask the Judicial Administration Rules Committee to propose specific guidelines for assignments made under rule 2.050(b)(4).
SHAW and ANSTEAD, JJ., concur.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.
[2] The Honorable L.B. Vocelle, Chief Judge of the Nineteenth Judicial Circuit, who was not allowed to intervene in the district court, has filed an amicus curiae brief in support of Judge Wild's position.
[3] Art. V, § 2(d), Fla. Const.; Fla.R.Jud.Admin. 2.050(b)(2).
[4] Florida Rule of Judicial Administration 2.050(b)(4) is substantially the same as former Florida Rule of Civil Procedure 1.020(b)(3)(ii), which was approved in State ex rel. Treadwell v. Hall, 274 So.2d 537, 539 (Fla.1973).
[5] General questions concerning the administration or management of the courts of the circuit should be directed to the Chief Justice through the state courts administrator, as provided in Florida Rule of Judicial Administration 2.050(b)(3). Likewise, administrative orders also may be challenged as court rules or local rules by applying for a determination by the Local Rules Advisory Committee, as provided in Florida Rule of Judicial Administration 2.050(e)(2).
[6] Art. V, § 2(a), Fla. Const.