KOGAN, Justice,
concurring in part and dissenting in part.
I agree that, under this Court’s recent decision in Wild v. Dozier, — So.2d-, 21 Fla.L. Weekly S57 [1996 WL 48419] (Fla. Feb. 8, 1996), the district court lacked authority to pass on the validity of the judicial assignment at issue here. However, I dissent from that portion of the majority opinion which relies on Wild to uphold the assignment. For many of the same reasons that I concluded that the successive assignments at issue in Wild amounted to an improper “permanent” assignment of a county court judge to circuit court duty, I believe that the assignments at issue here likewise are “permanent.” The practical effect of these successive six-month assignments to circuit court duty is to create a de facto permanent circuit judge by administrative order. Payret v. Adams, 500 So.2d 136, 138 (Fla.1986). This assignment is even more offensive than that at issue in Wild because through successive administrative orders combined with monthly case assignments County Judge Holtzendorf has heard virtually all delinquency cases in DeSoto County from at least July 1, 1991, through December 1994. I would hold this an improper “permanent” assignment under this Court’s decision’s in Crusoe v. Rowls, 472 So.2d 1163, 1165 (Fla.1985), and Payret. Because I believe that the assignments at issue here effectively redesignated jurisdiction over juvenile eases, I would quash the decision under review and grant the petition for writ of prohibition.
SHAW and ANSTEAD, JJ., concur.