GRIFFIN, J.
Appellant, Morris Thweatt, appeals his sentence and judgment for robbery with a weapon. On appeal, appellant raises two issues. First, appellant challenges the legal sufficiency of Administrative Order 02-26 and argues that the county court judge did not have jurisdiction to preside over his felony trial and violation of probation hearing. Second, appellant maintains that *1285 the trial court erred in finding that he was guilty of violating his probation.
After review of the record, we conclude that we do not have jurisdiction to consider the first issue. In Wild v. Dozier, 672 So.2d 16 (Fla.1996), the supreme court held that district courts of appeal do not have jurisdiction to review administrative orders of judicial assignments. The supreme court explained:
Because of the vital role temporary judicial assignments play in the administration of our court system, this Court must have exclusive jurisdiction to review such assignments under its article V, section 2(a) authority to oversee the administrative supervision of all courts.
Wild, 672 So.2d at 18; Physicians Healthcare Plans, Inc. v. Pfeifler, 846 So.2d 1129, 1133 (Fla.2003).
Appellant’s arguments attempt to limit the holding of Wild to situations where the challenge to judicial assignments is brought by extraordinary writ in the supreme court. The supreme court’s holding in Wild, however, supports a broader reading than appellant suggests. Appellant’s argument, in effect, attacks the holding in Wild and requests that we adopt a position in opposition to clear supreme court precedent. “Where an issue has been decided in the Supreme Court of the state, the lower courts are bound to adhere to the Court’s ruling when considering similar issues.... ” State v. Dwyer, 332 So.2d 333, 335 (Fla.1976).
Considering appellant’s second issue, we find his arguments to be totally without merit and affirm.
DISMISSED in part; AFFIRMED in part.
SHARP, W., and MONACO, JJ., concur.