# Third District Court of Appeal

## State of Florida

Opinion filed February 27, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2364
Lower Tribunal No. 16-307
_____

**Leonardo Polanco, et al.,**
Petitioners,

vs.

**Citizens Property Insurance Corporation,**
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Miguel M. De La O, Judge.

A Case of Original Jurisdiction—Prohibition.

Barnard Law Offices, L.P., and Andrew Barnard and Garrett William Haakon Clifford, for petitioners.

Patricia Gladson, General Counsel, and Gabriela Jimenez Salomon, Assistant General Counsel; Link & Rockenbach, PA, and Kara Berard Rockenbach and Daniel M. Schwarz (West Palm Beach), for respondent.

Before SALTER, SCALES and MILLER, JJ.

PER CURIAM.

Petitioners seek in this Court writs of both prohibition and certiorari. Petitioners assert that we should: (a) grant prohibition, and prohibit the trial court from entering a final judgment on Petitioners' first-party insurance claim against Respondent, Citizens Property Insurance Corporation; and (b) grant certiorari, and quash all orders entered by the judge who presided over the jury trial. Petitioners allege that the judge presiding over the trial – a county court judge who asserted authority to serve as an acting circuit court judge pursuant to Administrative Orders 18-45 and 18-20, issued by the Chief Judge of the Eleventh Judicial Circuit of Florida – lacked subject matter jurisdiction to hear the case, so that the resulting proceedings were void. Because this Court lacks the authority to review matters relating to judicial assignments arising out of administrative orders, "we are precluded from reaching the substantive issues raised," and therefore we dismiss this portion of the petition. Ortiz v. State, 689 So. 2d 353, 353 (Fla. 2d DCA 1997); see also Wild v. Dozier, 672 So. 2d 16, 18 (Fla. 1996) ("Accordingly, we hold that a litigant who is affected by a judicial assignment made by a chief judge of a judicial circuit must challenge the assignment in the trial court and then seek review in this Court by way of petition for writ of prohibition or petition for relief under the 'all writs' power.").

Petitioners also seek review, via prohibition, of the trial court's post-trial order denying disqualification. Because the trial court has been reassigned to a different

division, we dismiss, as moot, that portion of the petition. <u>Reiser v. State</u>, 894 So. 2d 302 (Fla. 4th DCA 2005).

Petition dismissed.