STATE, *ex rel.* James J. Hanna, doing business under the firm name of Tri-State Amusement Company, v. J. M. Lee, as Comptroller.

169 So. 220.
Division B.
Opinion Filed June 8, 1936.
Rehearing Denied July 10, 1936.

*H. H. Wells, B. K. Roberts* and *William K. Whitfield,* all of Tallahassee, for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter,* and *J. V. Keen,* Assistant Attorneys General, for Respondent.

PER CURIAM.—This case is before us on motion for peremptory writ of mandamus, the return notwithstanding in a case wherein the alternative writ commands J. M. Lee as Comptroller of the State of Florida "to forthwith provide for the collection from all applicants all persons who as owners display any coin-operated device as defined in the law to the public to be played or operated by the public an occupational tax of One Hundred and Fifty Dollars to the State; Seventy-Five dollars to the County and Seventy-Five dollars to the City or incorporated town and in addition thereto an occupational tax on each automatic vendor for the State of Thirty Dollars; County Fifteen Dollars and City or incorporated town Fifteen Dollars and

that in default of compliance herewith, to show cause at such time as may be named by this Court, why the alternative writ of mandamus should not be made peremptory, and issue such other and further orders as the Court may find necessary."

It is not necessary to consider the answer and return because it is elementary that mandamus will not lie to compel action upon the part of a public officer when it is apparent that the Relator has no direct interest in the action sought to be coerced and that no benefit could accrue to him from its performance. To authorize the relief it must clearly appear that there is a specific ministerial duty in the performance of which the applicant for relief is directly interested. The writ will not be granted merely for the purpose of defining the powers and duties of a public officer independent of any direct personal interest upon the part of him who seeks the relief. Peacock v. State, 61 Fla. 393, 43 Sou. 1004; State v. Jordan, 105 Fla. 322, 147 Sou. 908.

The Relator has failed to show that he has any interest which will constitute a basis for the relief sought.

Motion for peremptory writ is denied.

The alternative writ of mandamus is quashed.

So ordered.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN, and DAVIS, J. J., concur in the opinion and judgment.