REVISED OPINION
PER CURIAM.
This is an appeal from a final order dismissing a complaint for a writ of mandamus brought by a City of Miami corporate taxpayer and property owner, Centrust Savings Bank [Centrust], against the City of Miami and other City of Miami property owners i.e., Theodore B. Gould; Olympia & York Florida Equity Corp., d/b/a Miami Center Joint Venture; and Miami Center Corporation, d/b/a Chopin Associates. The complaint seeks a writ of mandamus compelling the City of Miami to enforce the South Florida Building Code against the defendant property owners as to the latter’s buildings located in the City of Miami. We agree with the trial court that the complaint does not state a prima facie case for mandamus relief based on the following two reasons.
First, the complaint seeks a writ of mandamus to require the City of Miami to inspect the defendants’ property for possible building code violations and to proceed against the defendants in the event violations are found. We are unaware of any case in Florida or elsewhere in the country — and the parties to this appeal have cited none — which has ever held that a writ of mandamus lies to compel an appropriate governmental entity or governmental official to inspect property for possible building or zoning violations. We decline to be the first court in the country to so hold as, in our view, such inspections do not constitute the performance of a ministerial duty for which a writ of mandamus is available. See City of Coral Gables v. State ex rel. Worley, 44 So.2d 298, 300 (Fla.1950); City of Miami Beach v. State ex rel. Epicure, 148 Fla. 255, 257, 4 So.2d 116, 117 (1941); State ex rel. Zuckerman-Vernon Corp. v. City of Miramar, 306 So.2d 173, 175 (Fla. 4th DCA 1974).
Second, the complaint also seeks a writ of mandamus to require the City of Miami to enforce specific fire resistivity provisions of the building code which, it is claimed, the defendants are violating with respect to certain concrete floor slabs and other structural components of defendants’ buildings. The plaintiff Centrust makes no claim, however, that it has suffered a special injury, apart from the injury suffered by any member of the general public, as a result of these alleged building code violations. Centrust therefore lacks standing to bring the instant action as to these claimed building code violations. See Boucher v. Novotny, 102 So.2d 132, 135-36 (Fla.1958); State ex rel. Hanna v. Lee, 124 Fla. 588, 589, 169 So. 220, 221 (1936); see generally 35 Fla.Jur.2d Mandamus & Prohibition § 96 (1982); Annot, 35 A.L.R.2d 1135, 1136-40 (1954).
For these two reasons, a writ of mandamus does not lie in this case, and the complaint herein was properly dismissed below.
Affirmed.
HENDRY and HUBBART, JJ., concur.