615 So.2d 276 (1993)
JUDGES OF the POLK COUNTY COURT, by Ronald A. HERRING, Administrative Judge, and Olin W. Shinholser, Judge of the Highlands County Court, Appellants,
v.
Gustav ERNST, et al., Appellees.
No. 92-01124.
District Court of Appeal of Florida, Second District.
March 12, 1993.
Rehearing Denied April 2, 1993.
Robert A. Butterworth, Atty. Gen. and Louis F. Hubener, Asst. Atty. Gen., Tallahassee, for appellants.
*277 Robert L. Doyel, Bartow, Thomas McDonald, Lakeland, James Marion Moorman, Public Defender, and Mel McKinley, Asst. Public Defender, Bartow, for appellees.
BLUE, Judge.
This is an appeal of an order granting a petition for writ of prohibition. The petition questioned the assignment of the county judge of Highlands County to hear County Court criminal cases in Polk County.[1] We disagree with the trial court's determination this was a de facto permanent assignment. Accordingly, we reverse.
Article V, section 2 of the Florida Constitution provides the chief justice the power to assign justices or judges to temporary duty in any court for which the judge is qualified. Florida Rule of Judicial Administration 2.050(b)(4) delegates this power to the chief judge in each circuit. For the past five years, the chief judges of the Tenth Judicial Circuit have issued special orders which appoint the county judges of Highlands, Hardee, and Polk Counties to serve as temporary county judges in counties other than those where elected. These special orders are annual, successive orders which deal with general assignments.
Relying on Payret v. Adams, 500 So.2d 136 (Fla. 1986), the trial court found the special orders are in violation of the Florida Constitution. We agree with the trial court that assignments of this nature made by successive roll-over orders are suspect. However, we cannot agree with the conclusion that these orders are per se invalid. The factual circumstances of Payret involved a county judge actually serving as a full time circuit judge. On appeal, the court held that a county judge could not be indefinitely assigned circuit court duties in a specially created jury district. Payret, 500 So.2d at 139. In the instant case, the Highlands County judge was assigned to serve temporarily, and as needed, in the county courts of Hardee and Polk Counties. No language in the orders compelled the Highlands County judge to appear in the Polk County Court on any continuing or regularly scheduled basis. We hold that the assignment in the instant case is temporary and not a de facto permanent assignment.
Additionally, the trial court found, "section 10(b) of Article V of the Florida Constitution mandates that county judges shall be elected by vote of the qualified electors within the territorial jurisdiction of the court, and therefore, the roll over special order invalidly makes Highlands County Judge Shinholser a de facto permanent Polk County judge by administrative order". Crusoe v. Rowls, 472 So.2d 1163 (Fla. 1985), holds county judges may serve temporarily as circuit court judges. The Crusoe holding contains no language to suggest that a county judge is limited to temporary assignment within the county in which elected. Circuit judges may be assigned temporarily to serve in a circuit other than one in which he or she was elected. See Card v. State, 497 So.2d 1169 (Fla. 1986). Logically, we conclude if a circuit judge may be assigned temporarily outside the circuit where he or she was elected, then a county judge may be temporarily assigned to serve outside the county where he or she was elected.
The trial judge also interpreted Florida Rule of Judicial Administration 2.050 to permit such an assignment only if a Polk County judge is temporarily absent, disqualified, or unable to perform his duties. We determine the language of Rule 2.050 does not require that the initial judge be absent, disqualified, or disabled before temporary assignment of another judge is permitted. Flexibility must be given the chief judges to effectively utilize judicial manpower in the mutual assistance of each trial court. Crusoe, 472 So.2d at 1165.
*278 We conclude there was no error in the temporary assignment of a Highlands County judge to hear Polk County criminal cases. Accordingly, we reverse the order of the trial court granting the writ of prohibition.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] We acknowledge the difficulty this type of case presents a trial judge who is required to rule on the propriety of the actions of his fellow judges. We would join in the suggestion of Judge Anstead in his specially concurring opinion that specific guidelines in the Florida Rules of Judicial Administration would be most helpful. Wallace v. State, 609 So.2d 64 (Fla. 4th DCA 1992).