PER CURIAM.
The petitioners, who are defendants in county court prosecutions for simple battery which involve domestic violence, seek the issuance of writ of mandamus requiring the respondent chief judge of the Eleventh Circuit to set aside Administrative Orders 92-48 and 92-49. We grant the petitions.
The orders in question purported to establish a domestic violence “department” of the Criminal Division of the Dade County Court, to which the petitioners’ cases are assigned, and the Family Division of the Eleventh Judicial Circuit. It is obvious that, however denominated, they create a specialized subject matter-related division of the trial courts which, under article V, section 7, Florida Constitution, and section 43.30, Florida Statutes, may be accomplished only by local rule, duly approved by the supreme court in accordance with Florida Rules of Judicial Administration 2.050(e)(1). Administrative Order, Fourth Judicial Circuit (Division of Courts), 378 So.2d 286 (Fla.1979); In re Report of the Comm’n on Family Courts, 588 So.2d 586 (Fla.1991); see State ex rel. Zuberi v. Brinker, 323 So.2d 623 (Fla. 3d DCA 1975). Compare Fla.R.Jud.Admin. 2.050(b)(3) & (4). Mandamus is granted and the administrative orders under review are therefore quashed.
To avoid disruption in the judicial administration of the courts in Dade County, by permitting application for the adoption of an appropriate local rule on the subject, we withhold issuance of the peremptory writ and allow the orders to remain in effect for thirty days, and thereafter for such time as the supreme court may allow.
Mandamus granted.
JORGENSON and GODERICH, JJ., concur.