646 So.2d 178 (1994)
In re REPORT OF the COMMISSION ON FAMILY COURTS.
No. 77623.
Supreme Court of Florida.
October 26, 1994.
*179 OVERTON, Justice.
This cause is before the Court to clarify issues regarding the implementation and operation of family law divisions in the circuit courts of this State. We have jurisdiction. Art. V, § 7, Fla. Const.; ch. 90-273, § 10(3), Laws of Fla.
Through chapter 90-273, the legislature announced the policy that family law divisions were to be established within each of the circuit courts of this State. In that chapter law, the legislature established the Commission on Family Courts (Commission) for the purpose of making recommendations regarding the implementation of the family law divisions, and it stated that the family law divisions were to operate "with as much consistency as possible throughout the state." When the Commission submitted its report to this Court, it recommended in part that:
The jurisdiction of the family division should include dissolution of marriage, simplified dissolution of marriage, child custody and support, URESA, domestic violence, name changes, adoptions, paternity suits, [and] modification proceedings; and each circuit should consider inclusion of juvenile dependency and delinquency matters at least for administrative purposes.
(Emphasis added.) After we received the report, we directed that each judicial circuit was to incorporate the recommendations of the Commission by developing a local rule to establish a family law division in its circuit or by developing a means to coordinate family law matters that affected one family if the circuit or part of the circuit was too small to administratively justify a separate family law division. See In re Report of the Commission on Family Courts, 588 So.2d 586 (Fla. 1991) (Family Courts I). Subsequently, we received from the circuits proposed local *180 rules or administrative orders designed to implement family law divisions or to coordinate all family law matters.
In In re Report of the Commission on Family Courts, 633 So.2d 14 (Fla. 1994) (Family Courts II), we set forth additional criteria for organizing family law divisions and for coordinating family law cases. Additionally, we provisionally approved both the local rules and administrative orders that had been submitted by the circuits and directed that the circuits were to continue efforts to develop a more holistic response to family-related litigation. We directed that "[a]ny deviations from or amendments to local rules or administrative orders provisionally approved must be submitted to this Court for approval." Id. at 18. We also stated that all circuits were to submit an annual report regarding the status of their respective family divisions, along with any proposed revisions to the local rules and administrative orders, to this Court by December 1, 1994.
During the 1994 legislative session, the legislature passed chapter 94-134, Laws of Florida, making the violation of a domestic violence injunction a first-degree misdemeanor. In chapter 94-134, the legislature stated that "[i]t is the intent of the legislature that domestic violence be treated as an illegal act rather than a private matter, and for that reason, indirect criminal contempt may no longer be used to enforce compliance with injunctions for protection against domestic violence." Ch. 94-134, § 3, Laws of Fla. By its action in that chapter, the legislature clearly intended to remove the power of judges to use indirect criminal contempt to punish those who violate domestic violence injunctions.[1] This legislative action effectively placed domestic violence injunction violations within the jurisdiction of county court criminal judges and removed those violations from the jurisdiction of circuit court family division judges unless those circuit judges were specifically assigned to hear those matters as county court judges.
As noted above, the Commission on Family Courts had specifically recommended and this Court specifically directed that all domestic violence issues were to be handled by judges in family law divisions. The legislature may have had the best of intentions in criminalizing domestic violence injunction violations. By doing so, however, it created a number of administrative problems, given its chapter 90-273 directive that all family issues be handled by judges assigned to family law divisions because, unquestionably, domestic violence is a family law issue. All circuits have now implemented family law divisions or have coordinated all family law matters. As such, this legislative action obviously has created a great deal of confusion and uncertainty in the handling of domestic violence issues. We note that, in many instances, injunctions prohibiting domestic violence also contain numerous other provisions that do not directly relate to criminal acts of domestic violence but that do indirectly relate to the domestic violence at issue. For instance, domestic violence injunctions often direct when a person should be removed from the parties' residence; direct the delivery of a car or other personal property; provide for the payment of support; and set forth requirements for visitation. In essence, the new legislation has created an administrative Frankenstein because it has placed the violation of some provisions of domestic injunctions in the jurisdiction of the criminal divisions of county courts while the violations of other provisions in the injunction remain in the family law divisions of the circuit courts. Interestingly, it is possible that the circuit court family division judge who initially entered the injunction might have to testify as a witness in the county court criminal proceeding for the State to prove the domestic violence claim brought in county criminal court.
In addition to the confusion created by chapter 94-134, other problems have surfaced regarding the implementation of family law divisions and domestic violence matters. The Eleventh Circuit's situation is but one example. In an attempt to ensure that all domestic violence matters are to be heard by *181 a family law division judge, the Eleventh Circuit issued two administrative orders, which established domestic violence departments within both the family law and county court criminal divisions. Those administrative orders, however, were subsequently quashed by the Third District Court of Appeal in Garcia v. Rivkind, 639 So.2d 177 (Fla. 3d DCA 1994). In Garcia, the district court determined that the Eleventh Circuit had unconstitutionally created a new domestic violence "division" in violation of article V, section 7, of the Florida Constitution, and section 43.30, Florida Statutes (1993). Under somewhat similar circumstances, the Fourth District Court of Appeal recently granted a stay and order to show cause regarding the Seventeenth Circuit Court's administrative order establishing a similar domestic violence department. See Sapp v. Ross, No. 94-2839 (Fla. 4th DCA Oct. 7, 1994).
Article V, section 7, provides that "[a]ll courts except the supreme court may sit in divisions as may be established by general law." Section 43.30 states that "[a]ll courts except the supreme court may sit in divisions as may be established by local rule approved by the supreme court." In quashing the administrative orders, the district court held in Garcia that the Eleventh Circuit's new domestic violence "department" was, in fact, a "division" that had not been established through a local rule as required by those provisions and as set forth in Rule of Judicial Administration 2.050(e)(1). The Fourth District reached a similar conclusion in Sapp. Under the provisions of rule 2.050, local rules must be approved by a majority of the judges in a circuit, must be noticed and advertised, and must be approved by this Court. After the district courts issued their decisions in Garcia and Sapp, the Eleventh and Seventeenth Circuits, using the procedure set forth in rule 2.050(e)(1), promulgated proposed local rules regarding domestic violence, which we subsequently approved. See Local Rule to Establish a Domestic Violence Court in the Eleventh Judicial Circuit, No. 84,051 (Fla. Sept. 29, 1994) (unpublished order); Local Rule to Establish a Domestic Violence Court in the Seventeenth Circuit, No. 84,292 (Fla. Oct. 11, 1994) (unpublished order).
Because of the district courts' rulings in Garcia and Sapp, and because we provisionally approved both local rules and administrative orders implementing family law divisions, questions have arisen among the circuits as to whether the family law divisions were properly established and whether new local rules are required to address the legislature's criminalization of domestic violence injunction violations. In this opinion, we address these issues.
Clearly, section 43.30 requires that divisions of Florida courts are to be established through local rules approved by this Court. We find, however, that the legislature effectively preempted section 43.30 and the local rule requirement as to family law divisions by establishing a policy in chapter 90-273 that family law divisions were to be created in Florida and by directing this Court in that chapter to ensure that "family law divisions shall operate with as much consistency as possible throughout the state." While we did direct in Family Courts I that family law divisions were to be established by local rule, we also stated that, alternatively, the circuits were to develop a means to coordinate family law matters that affected one family if the circuit or part of the circuit was too small to administratively justify a separate family law division. Due to the large divergence in the geographical makeup of various circuits, some circuits submitted their proposals through local rules, while some submitted them through proposed administrative orders.
Pursuant to rule 2.050(b), chief judges of circuit courts issue administrative orders to coordinate administrative matters within their jurisdiction, including administrative plans for the efficient and proper administration of all courts within their respective circuits, which is exactly what we asked the circuits to do in Family Courts I. Administrative orders, however, unlike local rules, do not generally have to be approved by this Court. Next, in Family Courts II, we expressly approved both local rules and administrative orders implementing family law divisions. We did so with the specific *182 directive that any "deviations from or amendments to" those local rules or administrative orders had to be submitted to this Court for approval. To ensure that no confusion exists regarding this issue, we now hold that the implementation of family law divisions and the assignment of all family law matters, including domestic violence, are to be controlled through either local rules or administrative orders expressly approved by this Court. Additionally, we find that family law divisions and the related assignment of family law division judges to handle domestic violence matters are not now affected by the local rule requirements of rule 2.050. At this time, we expressly approve the local rules and administrative orders establishing family law divisions in each of the circuits as identified in the attached Appendix "A" with the understanding that those rules and orders are subject to further review by this Court. Further, we reiterate that any proposed changes to the rules or orders approved by this Court must be submitted to this Court for approval before those changes are effected. This Court's direct approval of any changes shall be in lieu of the usual procedure for the approval of local rules set forth in rule 2.050 and these changes will thus be treated as an exception to that rule.[2] Finally, we hereby extend the deadline for submitting annual reports on the status of family law divisions from December 1, 1994, to July 1, 1995.
Because of the legislature's actions regarding family law divisions and related domestic violence issues, and because of our express approval in this opinion of all local rules and administrative orders concerning the assignment of judges to family law divisions and to handle domestic violence issues, the district courts' rulings in Garcia and Sapp are moot.
In issuing this opinion, we acknowledge the assertions of defense attorneys that the methods in which judges are assigned to domestic violence cases could raise images of bias in favor of the prosecuting party. While we have provisionally approved in this opinion the local rules and administrative orders establishing family law divisions, including the special assignment of domestic violence cases, we emphasize that the fairness and effectiveness of this process remains a primary concern. Consequently, we direct the chief judges of the circuit courts to expressly comment on the issue of assigning domestic violence cases in their July 1995 annual reports.
In conclusion, we recognize the extreme importance of having domestic violence issues addressed in an expeditious, efficient, and deliberative manner. In particular, we do not want these important issues to become bogged down in an administrative morass. Notably, we are concerned that this may be occurring as a result of the legislation passed in chapter 94-134.
It is so ordered.
GRIMES, C.J., SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.

APPENDIX
First Circuit
1. Local Rule, Family Law Division effective April 1, 1992
2. Local Rule, Family Law Division effective May 1, 1992
Second Circuit
1. Local Rule No. 92-1, Family Law Division effective July 1, 1992
Third Circuit
1. A.O. No. 2-92, Coordination of Family Law Matters effective January 27, 1994
2. Local Rule No. 5, Coordination of Family Law Matters effective November 12, 1993
Fourth Circuit
1. Local Rule No. 92.1, Administrative Provision for Family law Division effective January 9, 1994
*183 Fifth Circuit
1. A.O. No. H-92-38, Establishing a Family Law Division in Hernando County effective December 23, 1994
2. Local Rule No. 6A, Establishing a Family Law Division in the Fifth Judicial Circuit effective December 20, 1991
3. Local Rule, Master Plan for the Creation and Development of a Family Law Division, dated July 20, 1993
Sixth Circuit
1. Local Rule No. 11, Family Law Division
Seventh Circuit
1. Ref. No. S-90-96, Family Law Division and Reassignment Order effective November 8, 1990
2. Ref. No. S-91-69, Creation of Family Law, General Civil and Criminal Divisions within the Western Division of Volusia County and Reassignment Order effective June 18, 1991
3. Ref. No. G-94-60, Family Law Division effective March 25, 1994
4. Ref. No. G-94-137, Creation of Domestic Violence Court, August 1994
Eighth Circuit
1. Local Rule No. 3.100, Family Law Division effective June 11, 1993
Ninth Circuit
1. Local Rule No. 7, Family Law Division effective January 15, 1992
Tenth Circuit
1. Local Rule No. 1, Implementation Rule
Eleventh Circuit
1. Local Rule, Establishing and Defining Jurisdiction of the Family Division
2. Local Rule, Establishing and Defining Jurisdiction of the Domestic Violence Division of the Circuit and County Courts
3. A.O. 91-47, In re: Implementation of Family Division Plan in Eleventh Judicial Circuit effective January 2, 1992
Twelfth Circuit
1. Local Rule Establishing the Family Law Division effective March 17, 1994
Thirteenth Circuit
1. Amended Local Rule No. 1-F, Creation of the Family Law Division, January 20, 1982
2. A.O. S-02-94-145, In re: Domestic Violence Division of the County Court, August 28, 1994
Fourteenth Circuit
1. Local Rule No. 92-04, Creation of the Family Law Division effective February 1992 (as amended June 23, 1993 [see Local Rule 93-05] and as amended August 26, 1994 [see Local Rule 94-05])
Fifteenth Circuit
1. A.O. No. 5.001-9/92, Family Division Jurisdiction effective September 30, 1992 (also amended April 22, 1994)
Sixteenth Circuit
1. Local Rule No. 92-1, Consolidation of Related Cases in Family Law Matters effect February 5, 1992
Seventeenth Circuit
1. A.O. No. II-92-F-3A, Family Court effective September 15, 1992
2. Local Rule No. 1-B a/k/a A.O. No. II-94-H-1, Establishing Domestic Violence Court
Eighteenth Circuit
1. A.O. No. 91-142-CI, Family Law Division dated December 23, 1991, amended January 2, 1992
Nineteenth Circuit
1. Local Rule No. 10, Implementing the Family Law Division
2. A.O. No. 93.8, Implementing the Family Law Division effective September 22, 1993
Twentieth Circuit
1. A.O. No. 2.12, Establishment of the Family Law Division effective January 23, 1992
2. Local Rule No. IX, In re: Establishment of Domestic Violence Court
3. A.O. Establishing Domestic Violence Court for Lee County, March 18, 1994
4. A.O. Approving Domestic Violence Diversion Program for Lee County and Authorizing Clerk to Collect and Maintain Program Fees, dated April 7, 1994
NOTES
[1] A separation of powers issue exists as to whether the legislature has the authority to completely eliminate the judicial power of indirect criminal contempt to punish those who violate judicial orders. We do not address that issue in this proceeding.
[2] Even though we are requiring the approval of both local rules and administrative orders regarding the implementation of family court divisions, we in no way intend this mandate to include the approval of routine matters generally included in administrative orders such as the assignment of judges to divisions. This requirement is limited to the implementation of family court divisions and related domestic violence issues.