656 So.2d 205 (1995)
Billie BOLLINGER, Petitioner,
v.
The Honorable Geoffrey D. COHEN, Circuit Court Judge, 17th Judicial Circuit, in and for Broward County, Florida, and The State of Florida, Respondents.
Daniel HOLSMAN, Petitioner,
v.
The Honorable Geoffrey D. COHEN, etc., et al., Respondents.
Mark Stluke DANIEL, Petitioner,
v.
The Honorable Geoffrey D. COHEN, etc., et al., Respondents.
David R. CANIPE, Petitioner,
v.
The Honorable Geoffrey D. COHEN, etc., et al., Respondents.
Nos. 95-0552  95-0554 and 95-0570.
District Court of Appeal of Florida, Fourth District.
May 24, 1995.
Alan H. Schreiber, Public Defender, and Donald J. Cannarozzi, Asst. Public Defender, Fort Lauderdale, for petitioners.
Robert A. Butterworth, Atty. Gen., Tallahassee, Don M. Rogers and John Tiedemann, Asst. Attys. Gen., West Palm Beach, for respondents.
PER CURIAM.
We deny the petition for writ of prohibition in each of these four cases, which we consolidate for the purpose of this opinion. The cases involve virtually identical challenges by the public defender on behalf of four different defendants to the subject matter jurisdiction of the Broward circuit court, and particularly the Honorable Geoffrey D. Cohen, to hear some 20% of the misdemeanor prosecutions in Broward County's new domestic violence court.
Each of the four petitioners is charged with one count of misdemeanor battery involving domestic violence. No related felony counts are charged against any of them. Each is about to be tried for the misdemeanor in the domestic violence division of the Broward circuit court.
On October 11, 1994, the Supreme Court of Florida approved 17th Judicial Circuit Local Rule 1-B, effectively approving Administrative Order II-94-H-1 as a local rule which established a domestic violence court for the circuit. This administrative order, now local rule, provides for disposition of misdemeanors as well as felonies.
Petitioners correctly note that where an information charges only a misdemeanor, a circuit judge does not have jurisdiction *206 to preside over its prosecution, and thus any judgment the court renders is void. However, the premise that Judge Cohen will be acting as a circuit judge in presiding over the misdemeanors is incorrect, as Judge Cohen will be acting as a county court judge, based on a series of administrative orders assigning him to "temporary duty in the County Court of Broward County, Florida, for the purpose of hearing and disposing of all matters which may come before him ... having all the power and jurisdiction of a County Court Judge in said cases." The latest such order, dated February 15, 1995, assigns Judge Cohen to county court from March 1 through March 31, 1995. Based on a December memorandum from Chief Judge Dale Ross, it is apparent that the chief judge will continue to issue orders of "temporary assignment" to Judge Cohen to preside over county court misdemeanor prosecutions, at least for twenty percent (20%) of all misdemeanor trials in domestic violence court.
We have considered Dozier v. Wild, 20 Fla. L. Weekly D199, ___ So.2d ___ [1995 WL 15686] (Fla. 4th DCA 1995), rev. granted, 652 So.2d 819 (Fla. 1995), in which this court held that a county court judge cannot be assigned successively and repeatedly in six month assignments to preside in the circuit court over half of all felony cases in a county. We also considered Payret v. Adams, 500 So.2d 136 (Fla. 1986), holding invalid a county judge assignment for over a five year period to successive and repetitive assignments as an acting circuit judge in a special jury district. We deem these authorities inapposite. Nevertheless, we certify the following question to the supreme court as one of great public importance:
WHETHER A CIRCUIT JUDGE MAY BE ASSIGNED ON A REGULAR BASIS TO PART-TIME DUTIES AS A COUNTY JUDGE, PRESIDING OVER MISDEMEANOR PROSECUTIONS, NOT ARISING OUT OF THE SAME CIRCUMSTANCES AS A PENDING FELONY, INCIDENT TO THE OPERATION OF A DULY INSTITUTED DOMESTIC VIOLENCE COURT.
The petition is also denied as to an additional issue raised by Petitioner Canipe.
GLICKSTEIN, STONE and FARMER, JJ., concur.