ON PETITION FOR WRIT OF PROHIBITION

BASKIN, Judge.
Victor Patterson [Petitioner] seeks a writ of mandamus and a writ of prohibition to prevent respondents, county court judges appointed to the Domestic Violence Department of the Family Division of the Eleventh Judicial Circuit Court [Department], from hearing domestic violence injunction cases. Petitioner is represented by the Office of the Public Defender in two cases assigned to the Department.[1] Petitioner asserts that the exclusive and perpetual appointment of county court judges to the circuit court is unlawful and usurps the circuit court’s jurisdiction. We grant the writ of prohibition.
*827 In 1992, the Eleventh Circuit created the Department by administrative orders. In re Creation of Domestic Violence Departments of the Circuit and County Courts, 11th Cir.Ct.Admin.Order No. 92-49 (Oct. 9, 1992);[2] In re Establishment of Procedures for Assignment of Cases Within the Domestic Violence Departments, 11th Cir.Ct.Admin.Order No. 92-48 (Oct. 9, 1992).[3] The Florida Supreme Court approved these orders as local court rules in 1994, nunc pro tunc, to the date of the orders. Local Rule to Establish a Domestic Violence Court in the Eleventh Judicial Circuit, No. 84,051 (Fla. Sept. 29, 1994) (unpublished opinion). See Rivkind v. Garcia, 650 So.2d 38 (Fla.1995); In re Report of Comm’n on Family Courts, 646 So.2d 178 (Fla.1994). The court created the Department to issue permanent and temporary injunctions in domestic violence or repeat violence situations.[4] Since its inception, no circuit court judge has served in this Department. For the past three years, county court judges exclusively, reassigned on a monthly basis, have staffed the Department. The Department’s administrative judge has always been a county court judge.
The fundamental inquiry to determine whether a county court judge’s assignment as circuit court judge is lawful is the temporary nature of the assignment in question. Crusoe v. Rowls, 472 So.2d 1163, 1165 (Fla.1985). As the Crusoe court explained, temporary is a comparative term.
If a county judge is assigned to perform solely circuit court work, the assignment must be for a relatively short time for it to be temporary. If a county judge is assigned to spend a portion of his time performing circuit work, the assignment can be longer, but the assignment cannot usurp, supplant, or effectively deprive circuit court jurisdiction of a particular type of case on a permanent basis.
Crusoe, 472 So.2d at 1163 (footnotes omitted) (emphasis added).
We hold that the assignments at issue in this case violate Crusoe. The record demonstrates that for the past three years the Department has been staffed solely by county court judges who hear a particular kind of case on a permanent basis. There is nothing in the record to demonstrate that the respondents are assisting circuit court judges in the execution of the Department’s caseload or carrying out county court duties in addition to their duties on the Department. The facts in this case are analogous to those in Payret v. Adams, 500 So.2d 136 (Fla.1986), where the Court found that the successive and repetitive assignment of a county court judge to hear all circuit court matters, was, in essence, a permanent assignment in contravention of Crusoe.
Here, as in Payret, what would seem to be temporary monthly assignments are, in actuality, permanent assignments. Moreover, these assignments deprive the circuit court of jurisdiction of a particular type of case on a permanent basis: county court judges hear all petitions for permanent or temporary domestic violence injunctions.
We recognize, as respondents assert, that circuit court judges still issue injunctions in other types of cases; however, the Department, established to hear a particular type of case delegated to the circuit court by the legislature, is staffed solely by county court judges. As the court observed in Dozier v. Wild, 659 So.2d 1103 (Fla. 4th DCA), review granted, 652 So.2d 819 (Fla.1995), it is unlawful to assign an entire type of case exclusively within the circuit court’s jurisdiction to a county court judge sitting in perpetuity.
We find that the facts presented here stand in stark contrast to Judges of Polk County Court v. Ernst, 615 So.2d 276 (Fla. *828 2d DCA), review denied, 624 So.2d 265 (Fla.1993); J.G. v. Holtzendorf, 648 So.2d 781 (Fla. 2d DCA 1994), review granted, 659 So.2d 271 (Fla.1995); and Bollinger v. Cohen, 656 So.2d 205 (Fla. 4th DCA), review dismissed, 662 So.2d 931 (Fla.1995). The assignments in those cases were truly temporary.
Because we find the issue in this case is one of great public importance, we certify the following question:
IS THE EXCLUSIVE, AND PERPETUAL MONTHLY ASSIGNMENT, CONTINUING OVER SEVERAL YEARS, OF COUNTY COURT JUDGES TO HEAR ALL PETITIONS FOR PERMANENT AND TEMPORARY INJUNCTIONS IN THE DOMESTIC VIOLENCE DEPARTMENT OF THE FAMILY DIVISION OF THE ELEVENTH JUDICIAL CIRCUIT COURT UNLAWFUL?
Based on the foregoing reasoning, we grant prohibition and hold that respondent county court judges lack jurisdiction to proceed further in this cause. However, we stay our mandate in this case pending the Florida Supreme Court’s consideration of the certified question.
Prohibition granted; mandate withheld.

. We acknowledge, with approval, the state’s argument that The Office of the Public Defender has no standing in this cause to seek a writ of mandamus, State ex rel. Hanna v. Lee, 169 So. 220, 124 Fla. 588 (1936), or prohibition as it is not a parly to the proceedings below and did not bring this petition as a relator; see Frederick v. Rowe, 105 Fla. 193, 140 So. 915 (1932), however, this determination has no effect on our opinion: Petitioner Patterson is a real party in interest.

.Administrative Order 92-49, now Local Rule, created Domestic Violence Departments within the circuit and county courts. The Department, within the Family Division of the Circuit Court, hears injunction cases arising under Chapters 741 (Domestic Violence), and 784 (Repeat Violence), Florida Statutes.

. Administrative Order 92-A8, now Local Rule, established the procedures for assigning cases within the Department.

. Misdemeanor domestic violence injunction violation cases remain within the jurisdiction of the County Court Domestic Violence Division.