667 So.2d 769 (1996)
Daniel HOLSMAN, Petitioner,
v.
Geoffrey D. COHEN, etc., et al., Respondents.
Mark Stluke DANIEL, Petitioner,
v.
Geoffrey D. COHEN, etc., et al., Respondents.
Nos. 85900, 85901.
Supreme Court of Florida.
February 8, 1996.
*770 Alan H. Schreiber, Public Defender and Donald J. Cannarozzi, Assistant Public Defender, Fort Lauderdale, for Petitioners.
Robert A. Butterworth, Attorney General; Joan Fowler, Senior Assistant Attorney General, Chief, and Don M. Rogers, Senior Assistant Attorney General, West Palm Beach, for Respondents.
OVERTON, Justice.
We have for review Bollinger v. Cohen, 656 So.2d 205, 206 (Fla. 4th DCA 1995), in which the district court denied petitions for writs of prohibition filed in that case and certified the following question to be of great public importance:
WHETHER A CIRCUIT JUDGE MAY BE ASSIGNED ON A REGULAR BASIS TO PARTTIME DUTIES AS A COUNTY JUDGE, PRESIDING OVER MISDEMEANOR PROSECUTIONS, NOT ARISING OUT OF THE SAME CIRCUMSTANCES AS A PENDING FELONY, INCIDENT TO THE OPERATION OF A DULY INSTITUTED DOMESTIC VIOLENCE COURT.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we quash the district court's decision, finding that the district court lacks any authority to review the administrative orders at issue. Nevertheless, in an attempt to further define the limits of judicial assignments, we address the certified question and answer it in the affirmative. Additionally, we deny the petitions after treating them as if they had been filed before this Court.
In October 1994, the Seventeenth Judicial Circuit issued an administrative order in which it established a domestic violence court. That order was subsequently approved by this Court. The basis for establishing the domestic violence court was to ensure that cases involving domestic violence would "be handled in an effective and efficient manner by a specialty Court with the presiding judge(s) possessing specialized sensitivities and training and hav[ing] available additional resources." To that end, the order provided that judges assigned to the domestic violence court had jurisdiction to hear all cases involving domestic or repeat violence, both criminal and civil, with certain limited exceptions.
By memorandum dated December 21, 1994, the Chief Judge of the Seventeenth Circuit assigned Circuit Judge Geoffrey Cohen and County Judge Ronald Rothschild to handle cases in the domestic violence court. Pursuant to the memorandum, Judge Cohen had responsibility for all first appearance hearings, all felony arraignments and trials, one-half of all ex parte temporary restraining orders and twenty percent of the misdemeanor trials. Judge Rothschild had responsibility for all misdemeanor arraignments, one-half of all ex parte temporary restraining orders, and eighty percent of the misdemeanor trials. Through administrative order, the chief judge assigned Judge Cohen to temporary duty as a county judge for the purpose of hearing and disposing of all county court issues that were to come before him as part of his domestic violence division assignment. The Chief Judge has continued to issue monthly administrative orders temporarily assigning Judge Cohen to act as a county judge in the domestic violence court.
The petitioners, Daniel Holsman and Mark Stluke Daniel, were each charged with one count of misdemeanor battery involving domestic violence. Neither petitioner was charged with a related felony count and they were each scheduled be tried before Judge Cohen on the misdemeanor count in Broward County's domestic violence division. Before trial, the petitioners each filed a petition for a writ of prohibition before the district court, which the district court consolidated for review. The district court found that the continuing temporary assignment of Judge Cohen to act as a county judge in the domestic violence court was proper and denied the petitions. In doing so, the district court certified the aforementioned question.
*771 The petitioners argue that the continuing temporary assignment of Judge Cohen to act as a county judge through a series of administrative orders is an unconstitutional, de facto permanent assignment of a circuit judge to county court. The petitioners also argue that the assignment memorandum deviates from and amends the original administrative order establishing the domestic violence court as approved by this Court. Because all amendments to administrative orders establishing domestic violence courts must be approved by this Court, the petitioners argue that the assignment of Judge Cohen is invalid.
We first note that the district court lacks any authority to review the administrative orders at issue in this case. See Wild v. Dozier, ___ So.2d ___ [1996 WL 48419] (Fla. Feb. 8, 1996) (this Court has exclusive authority to review judicial assignments). Accordingly, we quash the decision under review. Nevertheless, as we did in Wild, we treat the petitions filed in the district court as if they had been filed in this Court, and, in an attempt to further define the limits of judicial assignments, we address the certified question.
This Court has previously found that a county court judge cannot be assigned to perform solely circuit court work unless the assignment is for a relatively short time. Payret v. Adams, 500 So.2d 136 (Fla.1986); Crusoe v. Rowls, 472 So.2d 1163 (Fla.1985). As noted by the petitioners, this same prohibition applies to a circuit court judge assigned to perform county court duties. Nonetheless, as we stated in Crusoe and recently reiterated in Wild, a county court judge may be assigned to hear circuit court work on a temporary, regular basis, provided the assignment is directed to a specified, limited class of cases, is used to maximize the efficient administration of justice, and requires the county judges to supplement and aid the circuit judges rather than to replace them. We likewise find that this holding applies equally to the assignment of circuit judges to handle county court matters. We now turn to the facts of this case.
This Court has issued a series of cases implementing the legislature's policy directive that family law divisions be established within each of the circuit courts of this State. See In re Report of Comm'n on Family Courts, 646 So.2d 178 (Fla.1994) (Family Courts III); In re Report of Comm'n on Family Courts, 633 So.2d 14 (Fla.1994) (Family Courts II); In re Report of Comm'n on Family Courts, 588 So.2d 586 (Fla.1991). In Family Courts III, this Court foresaw that situations would arise in domestic violence cases where the jurisdiction of county and circuit courts would overlap. For instance, in that case we specifically noted that "the new [domestic violence legislation] has created an administrative Frankenstein because it has placed the violation of some provisions of domestic injunctions in the jurisdiction of the criminal divisions of county courts while the violations of other provisions in the injunction remain in the family law divisions of the circuit courts." Family Courts III, 646 So.2d at 180 (emphasis added). As a result, we found it appropriate for circuits to establish domestic violence courts to enable family law judges to address all issues involving domestic violence in "an expeditious, efficient, and deliberative manner. In particular, we do not want these important issues to become bogged down in an administrative morass." Id. at 182 (emphasis added).
As indicated previously, the Seventeenth Circuit has created a special domestic violence court to handle all cases involving domestic violence issues. That court was specifically approved by this Court in Family Courts III. To ensure that the cases of that division are heard in "an expeditious, efficient, and deliberative manner," the chief judge of that circuit has assigned both a circuit and county judge to the division. The circuit judge, Judge Cohen, handles the majority of the circuit court domestic violence cases; the county judge, Judge Rothschild, handles the majority of the county court domestic violence cases. Each judge assists the other by handling a limited number of other domestic violence circuit or county court cases. To that end, the chief judge has specifically designated Judge Cohen to act as a county judge when Judge Cohen hears county court cases during his tenure on the *772 domestic violence court. Under these circumstances, we find that the assignment of Judge Cohen to handle a limited number of county court domestic violence misdemeanors is appropriate. The assignment is directed to a specified class of cases, is used to maximize the efficient administration of justice, and supplements and assists the domestic violence county court judge rather than replaces him. Consequently, we reject the petitioners' claim that Judge Cohen cannot be assigned to hear county court cases on a regular basis during his tenure on the domestic violence court.
We also reject the petitioners' claim that the assignment of Judge Cohen to hear domestic violence misdemeanors requires additional approval by this Court. As we stated in Family Courts III:
Even though we are requiring the approval of both local rules and administrative orders regarding the implementation of family court divisions, we in no way intend this mandate to include the approval of routine matters generally included in administrative orders such as the assignment of judges to divisions.

646 So.2d at 182 n. 2 (emphasis added).
Accordingly, we answer the certified question in the affirmative, deny the petitions for writs of prohibition, and quash the decision of the district court.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.