PER CURIAM.
We have for review J.G. v. Holtzendorf, 648 So.2d 781 (Fla. 2d DCA 1994), because of conflict with Dozier v. Wild, 659 So.2d 1103 (Fla. 4th DCA 1995), quashed, — So.2d -, 21 Fla.L. Weekly S57 [1996 WL 48419] (Fla. Feb. 8, 1996), on the issue of when successive six-month assignments of a county court judge to circuit court duty are proper under Florida Rule of Judicial Administration 2.050(b)(4). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Since 1991 the Chief Judge of the Twelfth Judicial Circuit has made successive six-month assignments of County Judge Holtzendorf to sit as a circuit judge in cases brought before him in DeSoto County. Pursuant to these assignments, he has heard most, though not all, of the juvenile cases in the county and a few other circuit court actions. He continues to perform his county court duties. We believe these assignments are consistent with those in Wild in which we upheld successive six-month assignments of a county judge to hear half of the felony cases in Indian River County in addition to his duties as a county judge. Wild v. Dozier, — So.2d-, 21 Fla.L. Weekly S57 [1996 WL 48419] (Fla. Feb. 8, 1996).
As in Wild, we hold that the district court of appeal lacked authority to review the administrative order assigning Judge Holt-zendorf to circuit judge duty. However, we treat the amended petition for writ of prohibition as if it had been filed in this Court and deny it. While we quash the decision of the court below, we approve of its analysis.
It is so ordered.
GRIMES, C.J., and OVERTON, HARDING and WELLS, JJ., concur.
*1044 KOGAN, J., concurs in part and dissents in part with an opinion, in which SHAW and ANSTEAD, JJ., concur.