672 So.2d 819 (1996)
Leonard RIVKIND, etc., Petitioner,
v.
Victor PATTERSON, Respondent.
No. 86790.
Supreme Court of Florida.
April 18, 1996.
Robert A. Butterworth, Attorney General and Michael J. Neimand, Assistant Attorney General, Miami, for Petitioners.
Bennett H. Brummer, Public Defender and Manuel Alvarez, Assistant Public Defender, Eleventh Judicial Circuit, Miami, for Respondent.
PER CURIAM.
We have for review Patterson v. Rivkind, 672 So.2d 826, 827 (Fla. 3d DCA 1995), wherein the district court of appeal certified the following question to be of great public importance:
IS THE EXCLUSIVE AND PERPETUAL MONTHLY ASSIGNMENT, CONTINUING OVER SEVERAL YEARS, OF COUNTY COURT JUDGES TO HEAR ALL PETITIONS FOR PERMANENT AND TEMPORARY INJUNCTIONS IN THE DOMESTIC VIOLENCE DEPARTMENT OF THE FAMILY DIVISION OF THE ELEVENTH JUDICIAL CIRCUIT COURT UNLAWFUL?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
*820 In furtherance of the Dade County Domestic Violence Plan, a plan to reduce the rate of incidence of domestic violence in the community, the Eleventh Judicial Circuit created the Domestic Violence Division of the Circuit and County Courts of the Eleventh Judicial Circuit (the "Division"). Since its inception, the Division has been staffed exclusively by county court judges who have been reassigned to the Division on a monthly basis. The Division was created to handle temporary and permanent injunctions in domestic and repeat violence cases as well as all misdemeanor cases involving domestic and repeat violence. Not all domestic and repeat violence injunctions are handled in the Division, however. For example, circuit court judges hear all petitions for permanent injunctions in cases relating to the dissolution of marriage, maintenance or support, or paternity.
In 1995, a petition seeking a permanent injunction against Victor Patterson for domestic violence was filed in the Eleventh Circuit. The petition came before Judge Langer, a county court judge who had been assigned to the Division pursuant to Florida Rule of Judicial Administration 2.050(b)(4).[1] Patterson filed a motion seeking to disqualify Judge Langer, arguing that the exclusive and successive assignments of county court judges to handle permanent and temporary injunctions in domestic violence cases are improper temporary assignments under both rule 2.050(b)(4) and article V, section 2(b) of the Florida Constitution inasmuch as these assignments effectually usurp the jurisdiction of the circuit court. Judge Langer denied the motion. Thereafter, Patterson filed a petition for a writ of mandamus and for a writ of prohibition with the Third District Court of Appeal. The district court granted the petition for the writ of prohibition, concluding that the judicial assignments at issue impermissibly deprived the circuit court of jurisdiction over a particular type of case on a permanent basis and were not therefore lawful temporary assignments. The district court then certified the question set forth herein and stayed its mandate pending this Court's review.
At the outset, we reiterate that this Court "has exclusive jurisdiction to review judicial assignments." Wild v. Dozier, 672 So.2d 16, 17 (Fla.1996); see also J.G. v. Holtzendorf, 669 So.2d 1043 (Fla.1996); Holsman v. Cohen, 667 So.2d 769 (Fla.1996). Accordingly, we conclude that the district court was without jurisdiction to review the judicial assignments at issue. We treat the petition for a writ of prohibition filed with the district court, however, as if it had been filed in this Court and answer the certified question.
Despite the wording of the certified question, not all temporary and permanent injunctions in domestic violence cases in the Eleventh Circuit are heard by county court judges. Moreover, a substantial portion of the time of the county court judges who handle these injunctions is devoted to county court workmisdemeanor cases involving domestic and repeat violence. We believe that the assignments at issue are consistent with those in Holsman, wherein we upheld successive monthly assignments of a circuit court judge to handle some misdemeanor cases related to domestic violence in addition to his duties as a circuit court judge. 667 So.2d at 771-72; see also Holtzendorf, 669 So.2d 1043 (denying a petition for a writ of prohibition challenging the successive six-month assignments of a county court judge to hear circuit court cases in addition to his county court work); Wild, 672 So.2d at 16-18 (denying a petition for a writ of prohibition challenging the successive six-month assignments of a county court judge to hear half of the felony cases in a particular county in addition to his duties as a county court judge in that county). In both Holsman and the instant case, the circuits simply sought to make appointments to ensure the prompt and efficient dispatch of domestic violence cases. We have previously recognized "the extreme importance of having domestic violence issues addressed in an expeditious, efficient, and deliberate manner." In re Report of the Commission on Family Courts, 646 So.2d 178, 182 (Fla.1994). We find that the *821 judicial assignments at issue constitute a logical and lawful means to ensure the expeditious and efficient resolution of domestic violence issues in the Eleventh Circuit.
For the foregoing reasons, we answer the certified question in the negative insofar as it relates to the facts of this case, quash the decision below, and deny the petition for a writ of prohibition.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Rule 2.050(b)(4) provides in pertinent part: "The chief judge may assign any judge to temporary service for which the judge is qualified in any court in the same circuit."