692 So.2d 881 (1997)
Charles ONWU, Petitioner,
v.
STATE of Florida, et al., Respondents.
No. 89026.
Supreme Court of Florida.
April 24, 1997.
Alan H. Schreiber, Public Defender and Diane M. Cuddihy, Assistant Public Defender, Seventeenth Judicial Circuit, Ft. Lauderdale, for Petitioner.
Robert A. Butterworth, Attorney General and Don M. Rogers, Assistant Attorney General, West Palm Beach, for Respondents.
Richard E. Doran, General Counsel and Gregory D. Venz, Assistant General Counsel, Tallahassee, for Department of Children and Families, Amicus Curiae.
*882 GRIMES, Justice.
This is a petition for prohibition which challenges an administrative order entered by the Chief Judge of the Seventeenth Judicial Circuit in and for Broward County. Pursuant to this Court's decision in Wild v. Dozier, 672 So.2d 16 (Fla.1996), we have jurisdiction under article V, sections 2(a), 2(b), and 3(b)(7) of the Florida Constitution.
As a preliminary matter, it is useful to consider the circumstances which apparently led to the entry of the challenged administrative order. In State of Florida v. David Mark Ward, Broward County Criminal Case Number 92-18743MM10A, the county court found the defendant incompetent and entered an order of commitment. On petition for habeas corpus to the circuit court, Chief Judge Ross, sitting in his appellate capacity, directed the defendant's release. Judge Ross held that although the county court had inherent authority to determine issues of competency, it did not have the authority to commit mentally incompetent persons to the Department of Health and Rehabilitative Services. The Fourth District Court of Appeal affirmed Judge Ross's order without opinion. State v. Ward, 653 So.2d 1043 (Fla. 4th DCA 1995). Thereafter, Judge Ross issued Administrative Order I-96-C-6, which assigned all of the county judges of the Seventeenth Judicial Circuit to act as circuit judges for the purpose of determining the competency of any person who may appear within the courts of Broward County, Florida, and thereafter entering a proper order of commitment.
The petitioner Charles Onwu is a defendant in the County Court Criminal Division of the Seventeenth Judicial Circuit. Judge Horowitz is a county court judge who is presiding over Onwu's criminal prosecution. Following competency evaluations and a hearing, Judge Horowitz found Onwu incompetent to proceed on his misdemeanor charge and directed counsel to set a commitment hearing. Onwu then filed a motion to declare Administrative Order I-96-C-6 unconstitutional, thereby challenging Judge Horowitz's authority to commit him. When Onwu's motion was denied, he filed this petition to prohibit Judge Horowitz from proceeding with the commitment proceedings.
Onwu's argument is predicated upon chapter 916, Florida Statutes (1995), which provides for court-ordered commitment of persons found incompetent to stand trial to the Department of Health and Rehabilitative Services[1] for placement in a so-called forensic facility. Section 916.106, Florida Statutes (1995), contains the following pertinent definitions:
(2) "Court" means the circuit court.
......
(4) "Forensic client" or "patient" means any mentally retarded or mentally ill person who is committed to the department and:
(a) Who has been determined to need treatment for a mental illness or mental retardation;
(b) Who has been found incompetent to stand trial or incompetent for sentencing, has been acquitted of a criminal offense by reason of insanity, has criminal charges pending, or has been found guilty of a criminal offense but is not an inmate of the Department of Corrections or any other correctional facility; and
(c) Who has been determined by the department to:
1. Be dangerous to himself or others; or
2. Present a clear and present potential to escape.
(5) "Forensic facility" means a separate and secure facility established within the department for the treatment of forensic clients. Such separate and secure facilities shall be security-grade buildings located on grounds distinct in location from other treatment facilities for persons who are mentally ill.
Onwu argues that because of the definition of "court," only a circuit court can make a commitment under chapter 916 and that despite his purported authorization under the administrative order, Judge Horowitz cannot *883 do so because he is sitting as a county judge over Onwu's misdemeanor case in county court. Onwu says that the county court is not without recourse upon a finding of mental incompetence because mentally incompetent persons accused of misdemeanors may be diverted into the civil mental health system through the Baker Act. Ch. 394, part I, Florida Statutes (1995).[2] In support of Onwu's position, the Department, as amicus curiae, laments that county judges sometimes improperly order the Department to accept the commitment of misdemeanants under chapter 916, thereby exacerbating the shortage of forensic beds which should be reserved for committed felons.
Respondents argue that Chief Judge Ross, as the administrative head of the Seventeenth Judicial Circuit, had authority to enter the administrative order for the purpose of ensuring the efficient and proper administration of the courts within the circuit. See Holsman v. Cohen, 667 So.2d 769 (Fla.1996). While suggesting that the issue of whether misdemeanants can be forensically committed pursuant to chapter 916 is not properly before this Court, they also contend that there is nothing in chapter 916 indicating that the legislature intended to delineate between persons charged with felonies and persons charged with misdemeanors. Thus, the State points out that section 916.13(1), Florida Statutes (1995),[3] specifies that "every person" adjudicated incompetent to stand trial may be involuntarily committed upon the finding of certain criteria.
The fallacy in the State's argument is that section 916.13(1) also specifies that these findings are to be made by "the court." Because the word "court" is defined to mean "circuit court" in section 916.106(2), it necessarily follows that only the circuit court can make the findings necessary for a forensic commitment under chapter 916. Judge Ross must also have reached this conclusion when he granted David Mark Ward's petition for habeas corpus.
Onwu can only be tried in the county court because he was only charged with a misdemeanor. Judge Horowitz has jurisdiction over Onwu's case because he is presiding as a county court judge. Therefore, despite the authority given him by the administrative order, any ruling made by Judge Horowitz must be as a county judge and county court judges cannot order commitments under chapter 916. Should the legislature wish to authorize judges presiding in county court to make forensic commitments, it may easily do so by amending the statute.
Accordingly, we hereby declare administrative order I-96-C-6 invalid and direct that Judge Horowitz take no further steps toward a commitment of Onwu under chapter 916. Because we are confident that the judge will comply with our directions, we withhold formal issuance of the writ of prohibition.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The Florida Department of Children and Family Services is the successor in this responsibility to the now defunct Department of Health and Rehabilitative Services.
[2] We note, however, that an involuntary commitment under the Baker Act may only be entered by the circuit court. § 394.455(7), Fla.Stat. (Supp.1996).
[3] Section 916.13(1) reads in pertinent part:

(1) CRITERIA.Every person adjudicated incompetent to stand trial or incompetent for sentencing, pursuant to the applicable Florida Rules of Criminal Procedure, may be involuntarily committed for treatment upon a finding by the court of clear and convincing evidence that....