BLUE, Judge.
Julian Green appeals his convictions and sentences for two counts of burglary and one count of aggravated stalking, raising numerous issues. We find merit in two issues: the trial court erred in convicting Green of two burglaries arising from one illegal entry, and Green’s remaining burglary conviction should have been classified as a life felony. In addition, we find this court lacks jurisdiction to address the denial of Green’s motion to reassign the case. We affirm the trial court’s decisions on all remaining issues without further discussion.
Green was convicted of two counts of burglary arising from his illegal entry into *877 Jacqueline Foreman’s home. The State concedes error in Green’s convictions for two burglaries and we agree. Because the evidence showed only one illegal entry by Green, one of his two burglary convictions must be reversed. See Troedel v. State, 462 So.2d 392, 399 (Fla.1984).
Green also argues his remaining burglary conviction, originally classified as a first-degree felony, should have been classified as a life felony. The jury found Green guilty of burglary under section 810.02, Florida Statutes (1993), enhanced by both an assault or battery on a person and the possession of a dangerous weapon. A conviction for burglary with an assault or battery while armed with a dangerous weapon constitutes a life felony. See Nathan v. State, 689 So.2d 1150, 1151-52 (Fla. 2d DCA 1997); Grant v. State, 677 So.2d 45, 46 (Fla. 3d DCA 1996). Because Green’s burglary conviction is a life felony rather than a first-degree felony, Green would not be subject to enhanced punishment as a habitual felony offender for that offense. See Lamont v. State, 610 So.2d 435, 438 (Fla.1992). The habitual offender statute in effect when Green committed the crime did not provide an enhanced penalty for a defendant who committed a life felony. See Nathan, 689 So.2d at 1152; Grant, 677 So.2d at 46.
Finally, Green argues the trial court erred in denying the motion to reassign his case from the career criminal division. He asserts the creation of the career criminal division in the Sixth Judicial Circuit violates Article V, Sections 7 and 20 of the Florida Constitution, which require circuit court divisions to be created by local rule and approved by the supreme court. This court lacks jurisdiction to review case assignments within the circuit court. See Wild v. Dozier, 672 So.2d 16, 17 (Fla.1996) (finding the supreme court has exclusive jurisdiction to review judicial assignments); Ortiz v. State, 689 So.2d 353 (Fla. 2d DCA 1997) (finding the district court lacks the authority to review a motion for case reassignment). See also Rivkind v. Patterson, 672 So.2d 819 (Fla.1996); Holsman v. Cohen, 667 So.2d 769 (Fla.1996).
By adopting this position, we acknowledge a potential conflict with other districts that have addressed the creation of habitual felony offender or career criminal courts in other circuits. See Dennis v. State, 673 So.2d 881, 882 (Fla. 1st DCA), review denied, 680 So.2d 422 (Fla.1996) (finding the Fourth Judicial Circuit’s career criminal court was validly created by administrative order); Hartley v. State, 650 So.2d 1044, 1046 (Fla. 4th DCA 1995) (finding the Fifteenth Judicial Circuit’s habitual felony offender division was improperly created by administrative order). Neither opinion identified a jurisdictional basis for reviewing what appear to be judicial assignments of criminal eases by the chief judges of individual circuit courts.
The trial court’s decisions are hereby affirmed in part, reversed as to one of Green’s two burglary convictions, reversed as to Green’s adjudication as a habitual felony offender, and remanded for resentencing consistent with this decision.
Affirmed in part, reversed in part, and remanded for further proceedings.
THREADGILL, C.J., and PARKER, J., concur.